## ODUM et al. v. WILLARD STORES, Inc., et al.

### Civ. A. No. 9082.

District Court of the United States for the District of Columbia.

May 10, 1941.

Austin F. Canfield, of Washington, D. C., for plaintiffs.

J. Harry Welch, of Washington, D. C., for defendants.

MORRIS, Justice.

The plaintiffs, before answer of the defendants, moved the Court for leave to take depositions upon oral examination of the defendant J. Elliott Hall, and Mrs. J. Elliott Hall, which leave was granted. The order fixed the place for the taking of such depositions "at the office of the National Shorthand Reporting Company, Columbian Building, before Mr. Lucius V. Friedli, a notary public in and for the District of

Columbia." The matter is now before the Court upon motion of the defendants to compel the plaintiffs "and the National Shorthand Reporting Company (Lucius V. Friedli, and/or his agent, servant and/or employee) to comply with the provisions of Rule 30, Paragraphs (c), (e) and (f) thereof [28 U.S.C.A. following section 723c]."

In opposition to such motion, the plaintiffs state that they are impoverished and have no funds with which to pay the National Shorthand Reporting Company the costs of "writing up" the depositions in question, and that the defendants cannot compel the National Shorthand Reporting Company by motion to "write up" said depositions. In support thereof, the plaintiffs submit an affidavit of Lucius V. Friedli, which states that he operates the National Shorthand Reporting Company; that he was present at the taking of a deposition by one of the attorneys for the plaintiffs, and that, at the conclusion of the taking of such deposition, counsel for the defendants requested that a carbon copy of the deposition, when written, be sent to him; that affiant was subsequently advised by the attorney for the plaintiffs that they did not have the necessary funds to pay for the costs of writing up said deposition, and for that reason plaintiffs' counsel suggested to affiant that said deposition be not written up; that the defendants' counsel was informed of this and advised that, if the defendants desired the deposition to be transcribed, such transcription would be made at the usual rates, but that affiant could not furnish a copy of the deposition unless the costs for the transcription be paid.

The critical parts of the rule in question, relied on by the defendants, are in Paragraph (c):

"* * * The testimony shall be taken stenographically and transcribed unless the parties agree otherwise. * * *"

Paragraph (e):

"When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. * * *"

And Paragraph (f):

"(1) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness. He shall then securely seal the deposition in an envelope indorsed with the title of the action and marked 'Deposition of (here insert name of witness)' and shall promptly file it with the court in which the action is pending or send it by registered mail to the clerk thereof for filing.

"(2) Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent."

Unfortunately, there are no decisions which throw light upon the question here involved. There can be no doubt that the directions in the rule relating to the taking of depositions must be followed if such depositions are to be used in the trial of the case. There is, however, no requirement that such depositions be used.

One of the outstanding achievements of the new Rules of Civil Procedure is to be found in connection with discovery and the methods provided for that purpose. As stated in Holtzoff on "New Federal Procedure and the Courts" (p. 70): "They embody two guiding principles on the subject of discovery. First, every party to a litigation is entitled to secure all evidence, information and documents germane to the issues, even if they are in possession of an adverse party. Second, such evidence, information and documents should be made available before the trial. The purpose is not only to facilitate the obtaining of evidence for use at a trial, but also to reduce the element of surprise to a minimum and to shorten trials."

The object is clearly to lighten, not burden, the record; to minimize, not increase, expense. In perhaps many more instances than otherwise, it has been found unnecessary to use in the trial depositions taken in preparation thereof. Here, the depositions taken were those of witnesses adverse to the plaintiffs. They could be made use of by the defendants only in certain limited situations (Rule 26 (d) (3), in any one of which justice would seem to require, in the absence of some unusual circumstances, which could, of course, be made the subject of an order of the Court, that the defendants pay all expenses of, the taking of such depositions.

It is noteworthy that, in connection with the provisions of Rule 30, above referred to, there is no penalty provided for not filing depositions which are taken pursuant to said rule. (Proceedings of the Symposium on Federal Rules of Civil Procedure, held at New York City, as published in Federal Rules of Civil Pro-

682

cedure, Proceedings of Institutes, 267.) And it is quite significant that the rules do not contain any provisions with respect to such depositions as are to be found with respect to the reports of masters, referees, auditors or examiners. Rule 53 (a), in part, reads: "The master shall not retain his report as security for his compensation; but when the party ordered to pay the compensation allowed by the court does not pay it after notice and within the time prescribed by the court, the master is entitled to a writ of execution against the delinquent party."

It would seem that this recognizes a very real distinction between the obligation of an officer appointed by the Court to take testimony, which must be used in the trial of the cause, and one taking depositions, which may or may not be used in the trial of the cause, at the option of the parties who determine whether or not such depositions are useful in circumstances which permit of their use.

For these reasons, and in the absence of any showing that the rights of the parties will otherwise be prejudiced, I do not believe that the Court should require the depositions here involved to be filed, unless the costs for taking such depositions are paid by the party desiring to make use thereof. The motion of the defendants will be denied.