### BURKE et al. v. CENTRAL–ILLINOIS SECURITIES CORPORATION.

Civ. A. No. 1198.

United States District Court
D. Delaware.

Sept. 22, 1949.

S. Samuel Arsht (Morris, Steel, Nichols & Arsht), Wilmington, Del., and Ben W. Heineman (Swiren & Heineman), Chicago, Ill., for plaintiffs.

William H. Foulk, Wilmington, Del., and Alfred Berman, New York City, for defendant.

RODNEY, District Judge.

This memorandum disposes of two motions of the defendant. The defendant has moved (1) for an order requiring the plaintiffs to cause the notary public and reporter, before whom certain depositions were taken, to transcribe such depositions, cause them to be submitted to the witnesses for correction and signature, and thereafter to certify and file such depositions with the court; and (2) to require the plaintiffs, being nonresidents of the State and District of Delaware, to post a bond as security for costs in the amount of $5,000.00.

1. In support of the first motion there is filed an affidavit of one of counsel for the defendant. The facts substantially are as follows. After service of the complaint and before answer, the plaintiffs served a notice to take depositions upon oral examination pursuant to Rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. The depositions to be taken were of five directors of the defendant corporation, one of whom also was president and one of whom also was vice-president. The depositions were taken June 15–17, 1949, inclusive with a lengthy night session. The examinations, both direct and cross, are alleged to have been comprehensive and searching. Before the depositions were commenced, counsel for defendant indicated a desire for a copy of each deposition as it was finished. It was stated that this could not be furnished unless "daily copies" were ordered, which was not done. During both direct and cross-examination certain documents were identified as exhibits.

After the depositions were completed, counsel for plaintiffs indicated that they might not have the testimony transcribed. This was not approved by the defendant, who demanded a copy of the depositions and offered to pay the reasonable costs thereof, which costs would be approximately $250.00.

The plaintiffs have paid the reporter for his services upon a time basis but have instructed the reporter not to transcribe the depositions at plaintiffs' expense, the cost of transcribing such depositions with an original copy thereof being estimated at $1,200.00 to $1,400.00. The plaintiffs have instructed the reporter to act upon the instructions of the attorney for the defendant in transcribing the depositions with the express understanding that he would be acting at defendant's expense.

The narrow question is, do the Rules require that a party, at whose instance a deposition is taken, shall at the demand of the adverse party have the testimony transcribed, signed and filed in court even though the testimony may not have aided in favorable discovery and may not be presently desired to be used by the party taking such deposition.

The discussion in this memorandum is based upon the fact that the testimony has materiality to the subject matter of the litigation. This materiality appears in the affidavit accompanying the motion, and in the brief of the defendant the materiality is alleged to be undisputed and indisputable.

Certain questions mentioned in the briefs are not here involved. Thus there can be no question that depositions are not merely for the benefit of those at whose instance they are taken, but they may be utilized by other parties. The Rules do not distinguish sharply between depositions for discovery purposes and depositions for use at the trial, for the same deposition may be initiated for both purposes. While a deposition may be utilized by all parties, yet when it is simply for discovery purposes it is not too broad a statement to say that the deposition was primarily intended for the benefit of that party desiring information or discovery. The deposition having been taken, it will, of course, be available to all parties.

The sole question as heretofore posed is, may the party at whose original instance the deposition was taken be compelled to pay the cost of transcription when he does not desire to make any present further use of the deposition, or until he desires such further use.

The question clearly calls for consideration of certain portions of Rule 30 and especially paragraphs (c), (e) and (f) thereof. These generally provide:

"(c) The testimony shall be taken stenographically and transcribed unless the parties agree otherwise;

"(e) When the testimony is fully transcribed the deposition shall be submitted to the witness for examination, revision and signature, unless such examination and reading are waived by the witness and by the parties:

"(f) (1) The officer before whom the depositions were taken shall certify the same and shall promptly file it with the court in which the action is pending or send it by registered mail to the clerk thereof for filing;

"(f) (2) Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent."

The language of the Rules is compelling in nature. The plaintiffs concede the mandatory nature of the language and contend that this applies only to the formalities of the taking of the depositions, but that the transcription and filing of the deposition is imperative only if the deposition is to be used in some way. The plaintiffs concede that "unless the parties agree otherwise" the deposition must be taken stenographically. They contend that the deposition so taken is then available to any party and at the expense of the party so desiring to use it.

The plaintiffs have cited and rely upon the only case construing the Rule as to the point in question. In Odum v. Willard Stores, Inc., D.C.D.C.1941, 1 F.R.D. 680, the court clearly held in a case closely analogous to the present one that the court should not require the depositions to be transcribed or filed at the expense of the party at whose instance they were taken, but rather at the expense of either party who desires to use them.

The reasoning of the foregoing case has been adopted in the 1948 Supplement to 2 Moore's Federal Practice 79-80, where it is said: "Where a party has taken a deposition but for some reason, such as avoidance of expense in filing a deposition not considered useful, has not had it transcribed and filed, and his opponent wishes to examine or use the deposition, he must pay the expense of having it transcribed and cannot require the party who took the deposition to bear the cost."

This view has much merit. Presumably depositions are often taken which are of little or no value and the saving of expense in transcribing and filing useless depositions is highly desirable. Rule 1 requires that the rules be "construed to secure the just, speedy, and inexpensive determination of every action."

My mind would yield the more readily to the reasoning of the foregoing authorities were it not for one considera-tion which seems not to have been considered in the Odum case and which seems to have an important bearing upon the construction of the Rules. The Rule must have a uniform construction applicable to all parties coming within its terms.

Rule 30(f) (2), as we have seen, says, "Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or *to the deponent*". (Emphasis supplied.)

It would seem that a party and the deponent are entitled to copies of the deposition on equal terms. As one is entitled so is the other. The reasoning of the foregoing authorities cannot apply to a deponent. It is clear that a deponent, if he so desires, is entitled to a copy of his deposition. The Rule expressly so states and construction cannot decree otherwise. Reason, too, exists for this right. His examination may be, and often is, lengthy, complicated and involving much detail. His truthfulness and integrity are often at stake. The deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. Rule 26(d) (1). Clearly the deponent is entitled to a copy of his deposition that he may, by subsequent research and inquiry, be prepared to corroborate his testimony and sustain his character. The deposition may be used by any party for any purpose if the court finds that the witness is at a greater distance than 100 miles from the place of trial or hearing, which situation is alleged to exist in this case. Rule 26(d) (3).

At what time is the deponent entitled to a copy of the deposition on reasonable terms? Must he await the time of trial, often long in the future, or until one of the parties has decided upon the use of the deposition and ordered its transcription? The deponent may have no actual connection with any party and his right to a copy of the deposition cannot be determined at the option of the parties. The deponent must be entitled to a copy of the deposition at that time when the possession of it will be of value and use to him. I am of the opinion that a deponent is entitled, upon the payment of a reasonable charge, to a copy of his deposi-

tion within a reasonable time after the taking of the deposition.

At whose cost must the testimony be transcribed so that such copy may be obtained at a reasonable cost? The cost of transcribing long depositions is heavy—in this case some $1,200.00 to $1,400.00. Clearly the Rules do not contemplate this cost to the deponent who is often entirely disinterested in the event of the suit. This extra cost, beyond the reasonable cost of the copy, must be borne by that party at whose instance the deposition was taken.

It is idle to say that the present motion does not seek a copy of the depositions for the purposes or use of the deponents but merely a transcription, certification and filing of the copy with the court. The present motion deals not with the rights of any particular parties but calls for a construction of the Rule, and the Rule must have a uniform construction applicable to all parties coming within its terms. One could not indulge in a construction of the Rule to the effect that a party is not entitled to a copy of the depositions unless he pay the entire cost of transcription, unless such ruling should be adhered to if application for a copy be subsequently made by a deponent. The Rules do not admit of a construction that the right to a copy of the deposition upon reasonable terms and the liability for the cost of transcription will depend upon whether request for the copy be made by the adverse party or by the deponent himself.

The Federal Rules of Civil Procedure bestow great and liberal rights of discovery and also, I think, place some burden of responsibility on that party which invokes the aid of the Rules. As the Rules give any party the right to bring into being the taking of extensive depositions and provide with meticulous detail how these depositions shall be taken, and provide that both the adverse party and the deponent shall be entitled to copies of the deposition upon reasonable terms, then, I think, the cost of placing the record in condition to furnish the copies on reasonable terms must fall upon the party at whose instance the depositions were taken. This is a risk he must assume when he requires a deponent to attend and testify. "Fishing expeditions" are not now frowned upon, but the party instituting the venture must be prepared in some degree to provide the cost of transportation. If he prevail and in a proper case he may recover back his reasonable costs. This might appear with additional force in this case where expense is incurred at the insistence of the defendant and against the wish of the plaintiff.

Uniformity of construction of the Rules is highly desirable and, when possible, should be preserved. I regret the necessity of differing from the only existing applicable authority and the only reason for doing so is that the given construction cannot, I think, be uniformly applied to the several pertinent situations under the Rule, and therefore, I think, must be faulty.

An order may be prepared carrying into effect the granting of the first motion of the defendant and giving a reasonable time for its performance.

■ 2. The second motion of the defendant is to require the plaintiffs, being nonresidents of the State and District of Delaware, to post a bond as security for costs in the sum of $5,000.00.

The Federal Rules of Civil Procedure are silent as to security for costs. In this case no question is raised as to the power of the court to require such security. Whether the power exists in conformity with state law or whether the Federal Rules have repealed the Conformity Act with reference to costs and the right to require security emanates from and exists in the inherent power of the court need not be discussed, since such power is here assumed and admitted.

The only questions to be determined are whether such security should be required and, if so, the amount thereof. The plaintiff insists there is nothing in the record to justify the court in requiring a bond beyond $250.00, which the plaintiff intimates is the normal bond where one is at all required.

In former days and under a different procedure a cost bond might have been sufficient which may now be insufficient. Oc-

casion will not now be taken to point out that under the Federal Rules of Civil Procedure increased costs involved in discovery procedure, depositions and other matters may increase the usual former amount of cost bonds if the original purpose of such bonds, viz., actual security for costs, is to be preserved. Cost bonds will not ordinarily be required in such an amount as will operate as a deterrent in seeking justice or in adjudicating justiciable rights.

In the present case depositions have been taken at a considerable cost, which depositions have been the subject of former consideration herein. It is stated that other depositions may be required. I am of the opinion that a bond for security for costs in the sum of $1,000.00 should be entered. Actually, there may be little or no difference in expense between a $250.00 bond and one for $1,000.00 to a compensated bondsman.