**Lewis H. SAPER, as Trustee in Bankruptcy of the Estate of Riverside Iron and Steel Corporation, Bankrupt, Plaintiff,**

v.

**W. Lunsford LONG and Hewitt S. West, Defendants.**

United States District Court
S. D. New York.

May 31, 1955.

See also, 121 F.Supp. 65, 131 F. Supp. 795.

I. Arnold Ross, New York City, for plaintiff.

Shearman & Sterling & Wright, New York City, for defendants, Macilburne Van Voorhies, New York City, of counsel.

DAWSON, District Judge.

This motion involves the issue as to whether a party taking a deposition should be required to pay the cost of having the deposition transcribed in its entirety or whether the cost of transcription of the cross-examination should be borne by the other side.

The action is one by a trustee of a bankrupt's estate to recover from the defendants a sum alleged to be in excess of $158,000 resulting from an alleged fraudulent conveyance or preferential transfer. It is stated that the bankrupt estate has no assets.

The trustee in bankruptcy first sought to secure the testimony of a witness by interrogatories. Objections were received to the proposed interrogatories and cross-interrogatories. An order was then entered upon consent providing that the deposition of the witness, A. R. Mc-Guire, be taken in California upon the condition that the attorneys for the defendants should pay to the attorney for the plaintiff $500 on account of the expenses of plaintiff's attorney for a trip to California for the purpose of taking the deposition. The $500 was paid and the oral deposition was taken.

The attorney for the trustee in bankruptcy states that he has exhausted the sum of $500 with his traveling expenses and with the payment of $160 to official court reporters in Los Angeles for the cost of the transcription of part of the deposition. He states that the plaintiff completed the direct examination on the deposition by about 2:30 p. m. on the first day; that thereupon, counsel for the defendants started on a long cross-examination alleged to have been on matters outside the scope of the direct examination. Objection was taken to the questions and the attorneys appeared before Hon. Leon R. Yankwich, Chief Judge of the United States District Court for the Southern District of California. Judge Yankwich allowed the deposition to proceed. As a result, the deposition continued until 5:00 p. m. of the first day and continued from 9:45 a. m. the following day until about 5:20 p. m.

The attorney for the trustee states that the cost of the transcript for the first day's proceedings would be $125, for the second day's proceedings $225, and that the total cost for taking and transcribing one copy of the deposition was fixed by the Court reporters at $350, of which they estimate that $175 was the cost of transcribing the cross-examination. He contends that he should not be required to pay for the transcription of the lengthy cross-examination conducted by defendants.

The trustee in bankruptcy seeks an order compelling the defendants to pay to him or to the reporters $190 as the balance due on the cost of transcribing the deposition. The attorneys for the defendants contend that they have no obli-

gation to pay any such sum and urge that if the entire deposition is not transcribed, it should be suppressed.

Rule 30 of the Rules of Civil Procedure, 28 U.S.C.A. allows a party desiring to take a deposition of a person upon oral examination to give notice of such fact to every other party to the action. Subdivision (c) of this Rule provides that:

> "The testimony shall be taken stenographically and transcribed unless the parties agree otherwise."

Subdivision (e) of said Rule provides that:

> "When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. * * * The deposition shall then be signed by the witness, unless the parties by stipulation waive the signing or the witness is ill or cannot be found or refuses to sign."

In order to comply with the Rule, it is necessary that the deposition be transcribed. The cost of having the deposition transcribed must be borne by the party at whose instance the deposition was taken. 4 Moore's Fed.Prac., 2d Ed., p. 2046; Burke v. Central-Illinois Securities Corp., D.C.Del.1949, 9 F.R.D. 426. It may be argued that circumstances might arise under which it might not be desirable to require a party taking a deposition to bear the cost of transcription of the entire deposition, but if the validity of this argument is recognized, it would be necessary that there be an amendment to Rule 30 of the Rules of Civil Procedure. See 4 Moore's Fed. Prac., 2d Ed., p. 2047. The payment of $500 to the attorney for the trustee in bankruptcy presumably was made in accordance with Rule 4 of the Civil Rules of this Court which, in cases where depositions are to be taken at a place more than 150 miles from the Courthouse, allows the Court to enter an order directing

> "that * * * the applicant pay the expense of the attendance at the place where the deposition is to be taken of one attorney for the adversary party or parties, or expected party or parties, including a reasonable counsel fee."

The Rule does not provide that even in those circumstances, the cost of transcription of the deposition should be paid by the adverse party. If the witness had come to New York, the cost of transcription would be borne by the party taking the deposition. The fact that the deposition is taken at a distance from the Court does not change this situation. The funds advanced to the adverse attorney are for the expenses of his attendance at the place where the deposition is to be taken, including a reasonable counsel fee, but there is no indication that such funds may be required for the transcription of the deposition which is taken.

Under such circumstances, the motion to compel the defendants to pay for the transcription of the deposition or any part of it must be denied. Since the case is set for trial within ten days, whether a failure to cause the entire deposition to be transcribed and signed by the witness is ground for a motion to suppress the deposition is a matter which can be determined by the Trial Court when and if the deposition is offered.

The motion is denied. So ordered.