### SALIS, et ux v. ROBERSON.
No. 66875.

Civil Court of Record, Duval County.

April 4, 1962

John M. McNatt, Jr., Jacksonville, for plaintiffs.

Sam Goodfriend, Jacksonville, for defendant.

TYRIE A. BOYER, Judge.

This cause came on to be heard on the motion to compel plaintiffs to transcribe depositions filed herein by the defendant. It appears that the plaintiffs noticed said depositions and that upon the appearance of the deponents, the depositions were taken in accordance with rule 1.24, 1954 F. R. C. P. It further appears that the plaintiffs arranged for a notary public to be present to administer the oath and to stenographically transcribe the testimony. (The information contained in the preceding sentence does not appear in the record but was gleaned from the statements of the attorneys at the hearing.) The depositions have not been transcribed and the defendant has requested the court to enter an order requiring the plaintiffs, at whose instance the depositions were taken, to have same transcribed. The exact language of the portion of the rule which is applicable to the issue before the court is as follows —

"The testimony shall be recorded verbatim stenographically or by mechanical means and transcribed unless the parties agree otherwise." (Rule 1.24 (c), 1954 F. R. C. P.)

The court has been referred to no Florida case in point. There appear to have been three federal decisions on the point which were decided under the federal rule which, as to the quoted portion, is identical to the Florida rule. (See Odum v. Willard Stores, Inc., 1 F.R.D. 680; Saper v. Long, 17 F.R.D. 491; and Burke v. Central Illinois Securities Corporation, 9 F.R.D. 426.) This court has read each of the above decisions as well as the comment thereon appearing in 4 Moore's Federal Practice, Second Edition, page 2046. The decisions are not in harmony with one another. This court favors the interpretation placed upon the rule by the court in Odum v. Willard Stores, Inc., supra. However, this court cannot place such an interpretation upon the clear language of the rule. A court should refrain from construing the language of a law or rule to arrive at a meaning which is not clearly intended by unambiguous language in the law or rule being interpreted. The appellate courts of the state have, on many occasions, recognized the harshness of a rule or statute, commenting that any change should be accomplished by legislation rather than judicial interpretation. It is most unfortunate that all appellate courts have not so construed their purpose and province. To hold that the party at whose instance a deposition is taken may be excused from arranging for a transcription of the testimony ("unless the parties agree otherwise") would be to hold that such party may also fail to have present an officer author-

ized to administer oaths or to arrange for the presence of a court reporter or some other person to record the testimony "stenographically or by mechanical means". The clear and unambiguous language of the rule is to the contrary and to hold otherwise could only ultimately lead to chaos.

This court does not intend to be holding that upon appropriate motion the court cannot—prior to the taking of a deposition by a party—dispense with the necessity of having the deposition transcribed where the deposition is being taken for discovery purposes only. This court is also cognizant that in some instances one party or the other may seek to use this rule to gain an undue advantage or to achieve an unjust end. Should such an occasion arise the court would of course be constrained to consider that particular case on its own facts and take such action as may be necessary to achieve the ultimate purpose of the rules, the law and the court, to-wit: justice.

It is accordingly ordered and adjudged that the defendant's motion to compel plaintiffs to transcribe depositions is granted, and the plaintiffs are hereby required to arrange for the transcription and filing of the depositions of the deponents referred to in said motion within 15 days from date hereof, unless the parties agree otherwise.