**Curtis B. DALL, Plaintiff,**

v.

**Drew PEARSON, Jack Anderson and The Washington Post Company, Defendants.**

Civ. A. No. 2457-63.

United States District Court District of Columbia.

Dec. 6, 1963.

Russell Hardy, Sr., Washington, D. C., for plaintiff.

John Donovan, Washington, D. C., for defendants Drew Pearson and Jack Anderson.

Robert Larsen, Washington, D. C., for defendant Washington Post Co.

HOLTZOFF, District Judge.

The question presented in this case is whether a party taking a deposition under the Federal Rules of Civil Procedure must invariably be required to have it transcribed at its own cost, or whether the question who should pay for the original transcript is within the discretion of the Court. This is an action for libel brought against a newspaper and two columnists. The defendant newspaper took the deposition of the plaintiff. Plaintiff's counsel now moves to require the party taking the deposition to have it transcribed and filed at its own cost.

The pertinent provisions of the Rules are found in Rule 30 of the Federal Rules of Civil Procedure. Subsection (c) of that Rule in its second sentence provides that "The testimony shall be taken stenographically and transcribed unless the parties agree otherwise". Subsection (e) reads that, "When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties." Subsection (f) provides in paragraph (1) thereof that, "The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is

a true record of the testimony given by the witness." Paragraph 2 of the same subsection is to the effect that "Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent".

Counsel for the plaintiff here seeks to have the Court require the defendant taking the deposition to pay for the original transcript, thereby enabling the moving party to obtain a copy at a lesser cost than the cost of the original would be. It will be observed that while the Rules require the transcription and filing of the deposition, they are silent on the question as to who should pay for the original. The Court can conceive of many possibilities where a person for the purpose of discovery might take a deposition and the results of the deposition would be futile; and to require under all circumstances that the party must nevertheless have the deposition transcribed at its own cost would frequently penalize litigants, and obstruct rather than facilitate the disposition of controversies. On the other hand, to rule that a party taking the deposition shall use its own discretion whether to have it transcribed or not may also lead to an unfair result at times. It may well be that the deposition may be very long. It may contain but a few nuggets, so to speak, that might be useful. There may be no way of locating them without having the entire transcript. Under those circumstances it is not always appropriate to relieve the party taking the deposition of the cost of transcribing the original.

The question appears to be unsettled. In this District there appears to be one reported decision, Odum v. Willard Stores, Inc., D.C., 1 F.R.D. 680, in which it was held that in a case presented to the court the party taking the deposition should not be compelled to have it transcribed at his own cost unless he desired to do so. The Court emphasized, however, that in that case the party taking the deposition was impoverished and had no funds with which to pay for transcrib-

ing the deposition, and apparently had no use for the deposition.

On the other hand, it was held in the District of Delaware, in Burke v. Central-Illinois Securities Corporation, D.C., 9 F.R.D. 426, and in the Southern District of New York in Saper v. Long, D.C., 17 F.R.D. 491, that the party taking the deposition must be required at all events to pay the cost of having it transcribed. However, in the New York case it was merely held that failure to cause a deposition to be transcribed is ground for a motion to suppress the deposition. No other penalty was prescribed by the court for failure to cause a transcript to be made. There appear to be no appellate court decisions on the point.

 This Court is of the opinion that this matter should be discretionary with the Court. A rigid, inflexible rule might at times prevent worthy parties from taking depositions, and from obtaining discovery. Reaching the conclusion that the matter is within the discretion of the Court, it must now be determined in what manner its discretion should be exercised in the instant case. As has been heretofore noted, in the only reported case decided in this District, the party taking the deposition was relieved of the cost of having it transcribed merely because it was impoverished and had no funds with which to pay for the transcript. No such circumstances are present in this case.

 Apparently, as stated in open court, we have a deposition the taking of which consumed over twelve hours. To be sure, it was the plaintiff's own deposition, and it would be possible for him or his counsel to prepare an affidavit reproducing pertinent portions of the deposition. But on the other hand this is a burden that should not be imposed upon the plaintiff. The plaintiff was subjected to a twelve-hour examination and interrogation, and there is no excuse that appeals to the discretion of the Court for relieving the party taking the deposition and subjecting the plaintiff to this prolonged interrogation from having the

deposition transcribed. Accordingly, the motion to require the defendant, the Washington Post Company, to pay for the original transcript of the deposition is granted. It follows, of course, that when the deposition is transcribed, it must be filed.