**Curtis B. DALL, Plaintiff,**

v.

**Drew PEARSON et al., Defendants.**

**Civ. A. No. 2457–63.**

United States District Court
District of Columbia.

Dec. 19, 1963.

See also D.C., 34 F.R.D. 511.

---

Russell Hardy, Washington, D. C., for plaintiff.

John Donovan, Washington, D. C., for defendants Drew Pearson and Jack Anderson.

William R. Glendon, Washington, D. C., for defendant The Washington Post Co.

HOLTZOFF, District Judge.

The defendants in an action for libel move for summary judgment, claiming that the alleged defamatory statement is true and also constitutes fair comment.

■ The alleged defamatory statements are contained in an article written by the individual defendants, who are popularly known as columnists, and published in a newspaper called The Washington Post. The article purports to summarize and refer to testimony that had been given by the plaintiff before a Congressional Committee. The plaintiff claims that the summary and the comments on the testimony are so distorted and inaccurate as to constitute libelous statements. The Court disagrees and has reached the conclusion, on the basis of a comparison of the testimony and the article, as well as the oral and written arguments of counsel, that the account given of the testimony in the newspaper column is substantially true and that the comments made by the writer of the column are, as a matter of law, within the scope of fair comment. As was indicated in an opinion by Judge Edgerton in Sullivan v. Meyer, 78 U.S. App.D.C. 367, 141 F.2d 21, these matters may be disposed of as questions of law by the Court if the showing of the truth is clear and if the characterizations are obviously fair comment.

■■ It is stated in the article that the plaintiff proceeded into an anti-Semitic diatribe and attacked the Jews. It is claimed in his behalf that his testimony was not anti-Semitic and not an attack on the Jews. Obviously, he had a perfect right to criticize any group in the community,—any religious or racial group. This is a part of his rights under the First Amendment. If he criticized or attacked any group, however, he has no just cause for complaint if somebody said that he did.

■ It is claimed in his behalf that his testimony before the Committee cannot be reasonably construed as being either anti-Semitic or as an attack on the Jews, because he attacked "political Zionist planners for absolute rule via a one-world government", without using the word "Jews", and also that he did not attack all Jews but only those who were Zionists and also such non-Jews as were Zionists, if there were such. The Court disagrees. An attack on a group does not necessarily mean that it has to be an attack on every single individual member of the group. It may well be an attack on a considerable proportion of that group.

■ Objection is also made that the word "diatribe" is used in the article.

The Court is of the opinion that this term is within the scope of fair comment. A diatribe is not a word of art, but is merely a popular characterization of an emphatic, intemperate, critical statement.

It is also objected that the article erroneously stated that the plaintiff claimed to have appeared for 263 groups of loyal Americans but that these groups did not know what he was going to state. The accuracy of this statement, however, is established by his own deposition, which was taken at the behest of the defendants.

The Court reaches the conclusion, therefore, that the plaintiff has not been libeled, and therefore the motion for summary judgment made by the defendants is granted.