**Jean KOLOSCI, Administratrix, etc.**

v.

**John LINDQUIST.**

Civ. No. 4867.

United States District Court
N. D. Indiana,
Hammond Division.

June 23, 1969.

Harry J. Jennings, Gary, Ind., for plaintiff.

Bernard A. Petrie, Hammond, Ind., for defendant.

### MEMORANDUM

BEAMER, District Judge.

This is an action for wrongful death brought by the plaintiff, Administratrix of the Estate of Paul E. Kolosci, deceased, against the defendant John Lindquist.

The defendant noticed the taking of the deposition of an occurrence witness, Robert J. Vanderpal. After the deposition was taken, defendant's counsel failed to have it transcribed and filed, even though plaintiff's counsel has requested that he do so. Plaintiff or her counsel have at no time agreed that the deposition not be transcribed and filed.

The plaintiff has filed a motion to compel defendant to have the deposition of Vanderpal transcribed and filed at defendant's expense.

The motion requires an interpretation of Rule 30 of the Federal Rules of Civil Procedure, the pertinent parts of which provide as follows:

Rule 30 (c) The testimony shall be taken stenographically and transcribed unless the parties agree otherwise.

(e) When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties.

(f) The officer shall certify on the deposition that the witness was duly sworn by him and that the deposition is a true record of the testimony given by the witness * * * Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

Counsel for plaintiff now seeks to have the Court compel the defendant to pay for the transcription of the original and have it filed with the Clerk so that he can either order a copy or examine and use the original. In his motion plaintiff's counsel asserts that the witness lives more than 100 miles from the Court and therefore his deposition may be read in evidence at the trial. Defendant gives no reason for not paying for the original transcript and having it filed with the Clerk except perhaps that the witness's testimony was not to his liking and he therefore does not expect to use it in the trial.

Because of the almost universal practice, at least in this district, and I presume throughout the federal court system, of the moving party furnishing and filing the transcript of the deposition, this question has not often come before the courts. No Supreme Court or Court

of Appeals decision has been brought to my attention. Three District Court opinions have been cited, each of which reaches a different conclusion.

The first case cited is Odum v. Willard Stores, Inc., 1 F.R.D. 680 (D.C.1941). In that case the plaintiff took the deposition of two witnesses but did not have them transcribed. The defendant asked the court for an order to compel the plaintiff and the shorthand reporter who took the depositions to transcribe and file the original transcripts so that it might purchase a copy. The plaintiff answered that he had no funds with which to pay for the transcripts, and the reporter said he had been ordered by the plaintiff not to transcribe the depositions and that he should not be required to furnish a copy (at copy prices) without being paid for transcribing the original. The Court, after discussing Rule 30, held that one taking depositions which may or may not be used in the trial of the cause has an option as to ordering the deposition transcribed or filed and if he decides not to do so his opponent then may, at his own expense, have the deposition transcribed and filed if he deems it useful to him.

The second case cited is Burke v. Central-Illinois Securities Corp., 9 F.R.D. 426 (D.Del.1949). Here again the defendant applied to the district court for an order compelling the plaintiff to have a deposition transcribed and filed. The depositions involved were long and searching examination by the plaintiff of certain officers of the defendant. The defendant ordered a copy of the depositions at an estimated cost of $250.00. The cost of transcribing and furnishing the original was estimated at between $1,200.00 and $1,400.00. The plaintiff, over defendant's objection, directed the reporter not to transcribe the depositions. The Court, after a careful analysis of the rule and the opinion in *Odum*, *supra*, the only case then reported on the subject, decided that the rule in *Odum* could not be followed. The Court in *Burke* decided, in effect, that the party who instituted the taking of the depositions had the absolute obligation to have it transcribed and filed at his expense, in order that copies would be available to the opposing party and the deponent at the reduced "reasonable cost of a copy". The Court stressed the need for uniformity in the application of the rule and rejected the option rule suggested in *Odum*. The Court said, at 9 F.R.D. 429:

The Federal Rules of Civil Procedure bestow great and liberal rights of discovery and also, I think, place some burden of responsibility on that party which invokes the aid of the Rules. As the Rules give any party the right to bring into being the taking of extensive depositions and provide with meticulous detail how these depositions shall be taken, and provide that both the adverse party and the deponent shall be entitled to copies of the deposition upon reasonable terms, then, I think, the cost of placing the record in condition to furnish the copies on reasonable terms must fall upon the party at whose instance the depositions were taken. This is a risk he must assume when he required a deponent to attend and testify. 'Fishing expeditions' are not now frowned upon, but the party instituting the venture must be prepared in some degree to provide the cost of transportation. If he prevail and in a proper case he may recover back his reasonable costs. This might appear with additional force in this case where expense is incurred at the insistence of the defendant and against the wish of the plaintiff.

Uniformity of construction of the Rules is highly desirable and, when possible, should be preserved. I regret the necessity of differing from the only existing applicable authority and the only reason for doing so is that the given construction cannot, I think, be uniformly applied to the several pertinent situations under the

Rule, and therefore, I think, must be faulty.

The third, and last reported, case cited is Dall v. Pearson, et al., 34 F.R.D. 511 (D.C.1963), decided by Judge Holtzoff of the District Court for the District of Columbia. There, the *Washington Post*, one of the defendants, took the discovery deposition of the plaintiff in a libel action. Having taken the deposition, the defendant *Washington Post* refused to have it transcribed and filed. Plaintiff petitioned the court for an order to compel the *Post* to pay for transcribing and filing the deposition so that the plaintiff could get a copy.

Judge Holtzoff, after reviewing the *Odum* and *Burke* decisions, held that whether the person taking the deposition should be required to pay for transcribing and filing the original should be discretionary with the court. In *Dall,* the Court exercised its discretion by ordering the party taking the deposition to pay for transcribing and filing the deposition.

As a result of these three district court opinions, we have three rules: (1) the *Odum* rule which says that the party noticing and taking the deposition has the option of having it transcribed and filed or not, as he sees fit; (2) the *Burke* rule, which holds that the party taking the deposition has an obligation in all cases to pay for the transcription; and (3) the *Dall* rule, which says that it is discretionary with the court whether the person taking the deposition shall pay for its transcription and filing.

This Court hesitates to add to the confusion by adopting a fourth rule. However, I am of the opinion that the most appropriate rule requires some compromise between those adopted in *Burke* and *Dall.*

This Court feels that the *Odum* rule is entirely unacceptable for reasons expressed in both *Burke* and *Dall,* and for the further reason that while the Rule does not expressly say that the person taking the deposition must pay for the original transcription, the implication seems clear. Certainly, the rule makers were not so naive as to think that reporters would transcribe the deposition without pay. If the original was not transcribed, how could the parties and the deponent get a copy? Moreover, 30 years of practice under the Rule should not be disregarded. It certainly is the general, if not the universal practice for the party taking the deposition to pay for having it transcribed and filed. The Rule clearly states that it *shall* be transcribed and filed, and parties taking depositions have generally assumed this obligation. I am impressed with Judge Rodney's analysis of the Rule in *Burke* and his statement of the need for uniformity in its application. Moreover, a rule which leaves the matter completely with the discretion of the court could consume an inordinate amount of time of both the court and counsel which should be avoided. (See Moore's Federal Practice, Vol. 4, P. 1040 et seq. § 26.02[5].) This Court is of the opinion, therefore, that the person initiating the taking of the deposition should pay for its transcription and filing.

This rule, however, should not be without exception in extraordinary cases. Then, and only then, should the court exercise its discretion. Primarily the exception should be confined to cases where the discovery process has been abused by the opposing party. Rule 30(b) and (d) is designed to give relief from such abuse, but the enforcement may be difficult in a given case. For example, if a deposition is being taken a long distance from the locale of the case and no federal judge is immediately available, relief from a prolonged and harassing cross-examination designed to build up the cost of the deposition may not be practical. Another situation might be where a deposition turned out to be of no value to any of the litigants but opposing counsel insists on it being transcribed and filed nevertheless, just to build up costs. Under such extraordinary situations, the Court should have and exercise its discretion to relieve the party taking the

**322**

deposition of all or a part of the cost of its transcription.

No such exceptional circumstances appear in this case. The defendant is therefore ordered to pay for the transcription and filing of the deposition of Robert J. Vanderlap.