Vicki Delores CALDWELL, Plaintiff,

v.

James P. WHEELER, Director, Utah Division of Family, Children and Youth Services, and Former Director, Utah Division of Family Services; Utah Division of Family Services; Utah Department of Health and Welfare; Utah State Welfare Commission; Irving K. Rasband, Former Director, Family Services Division of the Utah State Welfare Commission; Family Services Division of the Utah State Welfare Commission; Bert Angus; Melvin Burke; Hyrum Slaugh, Former Commissioner of Uintah County, State of Utah; Uintah County, State of Utah; Uintah County Hospital; Erland Pierce, Former Administrator of the Uintah County Hospital; Dr. Paul G. Stringham; Dr. Tyrell R. Seager; Dr. Ray E. Spendlove; Jerry Jackson, Former Director of Welfare for Uintah County, State of Utah, Maureen Spencer; Sadie McConkie; William Broadbent; Dr. Joseph P. Kesler; Dr. I. Reed Payne; and their employees, agents, successors and assigns, and all persons acting in concert with them, Defendants.

Civ. No. C–80–0062.

United States District Court,
D. Utah, C. D.

Feb. 6, 1981.

Kathryn Collard, Collard, Kuhnhausen, Pixton & Downes, Annina M. Mitchell, J. Kirk Rector, Salt Lake City, Utah, for plaintiff.

Robert M. Miller and Robert L. Stevens, Richards, Brandt, Miller & Nelson, Salt Lake City, Utah, for defendants Stringham, Seager and Spendlove.

MEMORANDUM DECISION
AND ORDER

WINDER, District Judge.

This is an appeal from a magistrate's order denying various defendants' motion to compel plaintiff to pay for the transcription of depositions she had taken.

Plaintiff is suing several state defendants, foster parents, and doctors for abuse and involuntary sterilization incurred during her placement by the State Social Services Department in several foster homes. During the period from March to July, 1980, she deposed sixteen persons, six of whose depositions she has refused to have transcribed. Plaintiff's counsel did not interview the witnesses prior to deposing them to determine if they had information relevant to her action and no showing has been made that this could not have been done. Presumably for the convenience of witnesses several depositions were scheduled in a distant location, requiring defense counsel to travel several hours to attend. The magistrate found that "many depositions have been taken without any or any meaningful knowledge if the witnesses have information pertinent to the action. There is an element of oppression involved in the procedure employed by the plaintiff." Counsel for three of the doctor-defendants requested copies of the six untranscribed depositions. When plaintiff's counsel refused to pay the cost of the original transcript, the motion to compel and this subsequent appeal resulted.

The magistrate interpreted Rule 30(c), Fed.R.Civ.P., as giving the court discretion in fixing the responsibility for payment of transcription when requested by any party. He found that normally the instigating party should pay for the transcription. The magistrate noted, however, that abuse of discovery or extenuating circumstances justify and may require the court in its discretion to relieve the instigating party of this obligation. Four extenuating circumstances listed were (1) limited discovery funds available to an impecunious party, (2) the complicated nature of the case, (3) the limited availability of discovery means other than depositions, and (4) the absence of any valuable information obtained by the deposition. The magistrate concluded, without discussion, that the extenuating circumstances were present in this case. In another part of the order, the magistrate indicated that some limited discovery funds had been made available to plaintiff, but that she personally was without funds to finance her action.

Defendants appealed from the order on the basis that plaintiff presented no evidence to the magistrate to show any extenuating circumstances upon which he could have relied and that his order was therefore contrary to law. In opposing the appeal, plaintiff has abandoned any claim of impecuniosity she may have argued to the magistrate. She now contends that the order on its face shows that it was grounded on considerations other than impecuniosity and should therefore be affirmed.

Prior to 1970, there were three provisions in Rule 30 relevant to transcription of depositions. Rule 30(c) required that the testimony be transcribed unless the parties agreed otherwise. This provision was later changed in 1970. The other two provisions, Rule 30(e) and (f)(2), have not been changed and provide in pertinent part:

(e) When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties.

(f)(2) Upon payment of reasonable charges therefor, the officer shall furnish a copy of the deposition to any party or to the deponent.

In four reported decisions prior to 1970 the party who had initiated the taking of the deposition did not want to have it transcribed but his opponent did. In deciding which party was required to bear the cost of transcribing the deposition, the four cases laid down four different rules. *Odum v. Willard Stores, Inc.*, 1 F.R.D. 680 (D.D.C. 1941), held that the requesting party must pay for transcription if the instigating party decides not to have the deposition transcribed and filed. *Burke v. Central-Illinois Securities Corp.*, 9 F.R.D. 426 (D.Del.1949), held that the instigating party always has the obligation to pay for the transcription. The court in *Dall v. Pearson*, 246 F.Supp. 812 (D.D.C.1963), held that the matter was discretionary with the court. The fourth

decision, *Kolosci v. Lindquist*, 47 F.R.D. 319 (N.D.Ind.1969), held that ordinarily the party initiating the deposition must pay for its transcription in all cases except extraordinary ones where the court has discretion to relieve the initiating party from this obligation.

Plaintiff urges this court to apply the rule in *Odum*. She bases her argument on the 1970 amendment to Rule 30(c) and the Advisory Committee Notes. The amendment deleted the language of former Rule 30(c) that the testimony shall be "transcribed unless the parties agree otherwise" and substituted the following sentence: "If requested by one of the parties, the testimony shall be transcribed." The paragraph in the Advisory Committee Notes to amended Rule 30(c) states:

> The present rule provides that transcription shall be carried out unless all parties waive it. In view of the many depositions taken from which nothing useful is discovered, the revised language provides that transcription is to be performed if any party requests it. The fact of the request is relevant to the exercise of the court's discretion in determining who shall pay for transcription.

In view of this change in language and the supporting note, plaintiff argues that the rules no longer compel the party who initiated the taking of the deposition to pay for the transcription and that the requesting party must pay for transcription if the instigating party decides against having the deposition transcribed. 8 Wright & Miller, *Federal Practice and Procedure* § 2117 at 433 (1970).

All parties and the magistrate state that there are no post-1970 cases interpreting amended Rule 30(c) on this issue. The court has also found none directly in point.

In his order, the magistrate loosely adopted the *Kolosci* rule in formulating his interpretation of amended Rule 30(c). That interpretation is basically correct but requires some clarifying explanation. Neither the amended rule nor the Advisory Committee Notes mandate who shall pay transcription costs. In this respect, no change is made

from the pre-1970 rule. The central change to the rule is that prior to 1970, depositions were required to be transcribed unless all parties agreed otherwise. Since 1970, depositions must be transcribed if required by one of the parties. In addition, a nonparty deponent cannot compel transcription in order to acquire a copy at a lesser price.

There is desirability in having a general rule for determining which party should pay for transcription of the original deposition in the event of a dispute. If resolution of this issue is left to the discretion of the court as in *Dall*, it results in the consumption of an inordinate amount of time on the part of both court and counsel. If there is to be a general rule, the choice must be made between the instigating party or the party who wishes transcription when the instigating party refuses to pay. The court agrees with the rule in *Kolosci* that generally the instigating party should pay.

Prior to 1970, a study revealed that the overwhelming custom among lawyers was that the instigating party paid for the original deposition. Glaser, *Pretrial Discovery and the Adversary System*, at 169 (1968). There is no indication that this custom has changed. Thus, the legitimate expectation in lawyers noticed to a deposition is that the party scheduling it will pay for the transcription. It is usually the instigating party who determines whether or not a deposition will be taken. If that party schedules a deposition, other parties have no practical choice but to attend, even though the testimony turns out to be useless to the litigation. To generally impose the expense upon the party who elects to take the deposition may foster the salutary result that depositions will be taken only when the testimony appears necessary to the litigation and that more interviewing will be done informally by counsel, thus reducing the involvement and expense to other counsel which accompanies a formal deposition. To follow the *Odum* rule proposed by plaintiff could have the effect of imposing expense upon a party who has no interest in having the deposition taken or who is will-

ing to obtain the information from the witness in some other way.

■ Only upon a showing of extenuating circumstances, supported by evidence, if contested, will parties instigating depositions be relieved from the duty of paying for the transcriptions. The burden of establishing the extenuating circumstances will be on the instigating party. Once a satisfactory showing is made, the court may then exercise its discretion to order some other party to pay or to allocate costs among the various parties.

The extenuating circumstances may vary from case to case. Under some circumstances impecuniosity of the instigating party may justify allocating transcription costs to the requesting party. Other extenuating circumstances may be where a witness refuses to be interviewed informally, where it can be demonstrated that the testimony should be of record when first elicited, or where a party's attorney who did not instigate the deposition conducts a prolonged cross-examination. Also, consistent with the Advisory Committee Notes, the fact that a noninstigating party requests transcription is relevant to the court's exercise of discretion.

■ From the record before the court, it is impossible to determine what, if any, extenuating circumstances were presented to the magistrate and how they may have been supported. The record is insufficient to support the deviation from the general rule that the instigating party must pay the costs of transcribing and filing the depositions that are the subject of this appeal.

Accordingly,

IT IS ORDERED that defendants' motion for an order compelling plaintiff to pay cost of transcription is granted.