## Carol Ann HAWLEY, Plaintiff,

v.

Ashley HALL, in his capacity as City Manager of the City of Las Vegas; Ron Lurie, individually, and in his capacity as Mayor of the City of Las Vegas; Member, Las Vegas City Council; Bob Nolen, individually, and Member, Las Vegas City Council; Arnie Adamson, Member, Las Vegas City Council; and The City of Las Vegas, Defendants,

Donrey of Nevada, Inc., d/b/a The Las Vegas Review Journal, Intervenor.

No. CV–S–88–259–LDG(RJJ).

United States District Court,
D. Nevada.

June 1, 1990.

Eric Zubel, Las Vegas, Nev., for plaintiff.

Evan J. Wallach, Las Vegas, Nev., for intervenor Donrey of Nevada.

William R. Morse and James B. Marshall, Las Vegas, Nev., for Hall.

Roy A. Woofter, Las Vegas City Atty., and Richard Bortolin, Deputy Las Vegas City Atty., for all other defendants.

ROBERT J. JOHNSTON, United States Magistrate.

The Defendants seek a protective order pursuant to Rule 26(c)(6) of the Federal Rules of Civil Procedure. Specifically, the Defendants protective order would include:

1. An order that any deposition that has been taken or that will be taken of any party or person in this matter be transcribed, sealed and filed with the Clerk of this Court, who shall keep the deposition under seal until further order of the Court;

2. An order that any information gained by the parties through the use of all of the discovery processes be confined to such use as is necessary for the discovering party to prepare and try this matter; and,

3. An order that the parties to this action shall not publish or make available to any news media, for publication or public dissemination, any information gained by the parties through the use of all of the discovery processes without this Court's further order.

Proposed Protective Order attached to Defendants' Motion for Protective Order to Seal Depositions and Other Discovery (# 129).

## HISTORY OF CASE

On April 13, 1988, the Plaintiff, Carol Ann Hawley [hereinafter Hawley], filed a Complaint for Deprivation of Civil Rights Under Color of Law (# 1). The Defendants included, The City of Las Vegas, City Manager Ashley Hall [hereinafter Hall], Mayor Ron Lurie [hereinafter Lurie] and City Councilmembers Bob Nolen [hereinafter Nolen], W. Wayne Bunker [hereinafter Bunker], Steve Miller [hereinafter Miller] and Arnie Adamson [hereinafter Adamson].

The individual defendants were named in their official and individual capacities.

Hawley was the City Clerk for the City of Las Vegas during a highly publicized mayoral election in 1987. After the initial results were certified, the unsuccessful candidate demanded a recount. Nevada state law charged Hawley with the duty of supervising this recount. Nev.Rev.Stat. Ann. § 293.404 (Michie 1990). A dispute between Hawley and Hall regarding the recount process resulted in her removal as the City Clerk. An interim Clerk was appointed to complete the recount.

Defendants Lurie, Nolen and Bunker voted to ratify Hall's actions regarding Hawley's removal at a regular public meeting of the Las Vegas City Council. Defendant Miller abstained from voting. Additionally, Hawley was refused an opportunity to speak to the City Council at the public meeting.

On January 17, 1989, this Court granted Summary Judgment and dismissal in favor of the Defendants on several causes of action asserted in the Complaint (# 1).

On April 4, 1989, Hawley filed an Amended Complaint for Damages for Deprivation of Civil Rights Under Color of Law, For Intentional Infliction of Emotional Distress, and For Attorneys Fees (# 60), as authorized by Order of the Court (# 59) pursuant to Rule 15(a) of the Federal Rule of Civil Procedure.

On October 10, 1989, this Court entered an Order (# 76B) disposing of additional Motions to Dismiss (# 57 and # 58) challenging the Amended Complaint (# 60). The motions were denied in part and granted in part.

Finally, on October 13, 1989, a discovery schedule was established (# 77) and discovery commenced on the remaining claims.[1]

■ On February 14, 1990, Plaintiff's counsel took the oral deposition of Mayor Lurie. On April 27, 1990, City Councilmember Miller, who was not named as a

---

1. Discovery was previously stayed pending resolution of the dispositive motions filed by the Defendants.

defendant in the Amended Complaint (# 60), obtained a copy of Lurie's deposition transcript from the Deputy City Attorney. Affidavit of Richard J. Bortolin, Deputy City Attorney, at 2, attached to Motion for Protective Order (# 129). Councilmember Miller then released the deposition transcript to the news media.[2] The Review Journal printed thirteen articles between April 28, 1990, and May 4, 1990, based on the Lurie deposition transcript. *Id.*[3]

On May 10, 1990, the Defendants filed the Motion for Protective Order to Seal Depositions and Other Discovery (# 129).

## PUBLIC ACCESS [4]

Traditionally, "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, *Gannett Co. v. DePasquale,* 443 U.S. 368, 389, 99 S.Ct. 2898, 2910, 61 L.Ed.2d 608 (1979), and in general, they are conducted in private as a matter of modern practice. *See, id.,* at 396, 99 S.Ct. at 2913 (Burger, C.J., concurring); Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L.Rev. 1 (1983)." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 2207, 81 L.Ed.2d 17 (1984) (footnote omitted). The Supreme Court elaborated in Footnote 19 that "[d]iscovery rarely takes place in public. Depositions are scheduled at times and places most convenient to those involved. Interrogatories are answered in private." *Seattle Times,* 467 U.S. at 33 n. 19, 104 S.Ct. at 2207 n. 19.

Courts have consistently held that no common law or constitutional right of access to discovery materials exists when a protective order based on a showing of good cause has been granted. *See Anderson v. Cryovac, Inc.,* 805 F.2d 1, 14 (1st Cir.1986); *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 787–89 (1st Cir. 1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

However, Rule 26(c) and Rule 5(d) of the Federal Rules of Civil Procedure dictate that discovery materials are presumptively open to public inspection, unless a valid protective order directs otherwise. *In Re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir.), *cert. denied,* 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). This presumption of openness for discovery materials not used at trial is grounded only in the Federal Rules and does not derive either from a common law or first amendment right of access.

Rule 26(c) requires a showing of good cause for a protective order "that a deposition after being sealed be opened only by order of the court" or "that ... information not be disclosed or be disclosed only in a designated way...." Fed.R.Civ.P. 26(c)(6) and (7). If a Court does not find good cause within the meaning of Rule 26(c) for the issuance of a protective order, then the presumptive right of public access controls.

Rule 5(d) requires that every paper relating to discovery must be filed with the Clerk of the Court unless excused by order

---

**2.** Miller gave a copy of the deposition transcript to Donrey of Nevada, Inc., d/b/a The Las Vegas Review Journal [hereinafter Review Journal]. Miller's conduct was not prohibited or improper. Although he was no longer a named defendant when he received and released the deposition transcript, the City of Las Vegas was a named defendant. The power to conduct and settle litigation is a general power committed to the City Council of which Miller is a member. "[W]ithout a protective order materials obtained in discovery may be used by a party for any purpose, including dissemination to the public." *In Re Halkin,* 598 F.2d 176, 188 (D.C.Cir.1979).

**3.** The Review Journal was granted intervenor status on May 14, 1990, (# 139) pursuant to Fed.R.Civ.P. 24 for the limited purpose of op-

posing Defendant's Motion for Protective Order to Seal Depositions and other discovery (# 129), and all other similar motions and issues which may arise in this case.

**4.** The Intervenor, REVIEW–JOURNAL, has requested access to all deposition transcripts in this case. Affidavit of Richard J. Bortolin, Deputy City Attorney, at 3, attached to Defendants' Motion For Protective Order (# 129). The Supreme Court has stated that "the First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally." *Branzburg v. Hayes,* 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972). Thus, the press' right of access to discovery information turns on the public's right of access.

of the Court upon motion of a party or on its own initiative. The Advisory Committee's Note accompanying Rule 5(d) emphasizes that discovery "materials are sometimes of interest and should be available to those who may have no access to them except by a requirement of filing, such as members of a class, litigants similarly situated, or the public generally." Fed.R. Civ.P. 5(d) advisory committee note (1980 proposed amendment), *reprinted in* 85 F.R.D. 521, 525 (1980).[5] "Federal district courts may adopt local rules providing that the fruits of discovery are not to be filed except on order of the Court." *Seattle Times Co.*, 467 U.S. at 33 n. 19, 104 S.Ct. at 2207 n. 19. The United States District Court for the District of Nevada has adopted the following rule:

> Unless filing is ordered by the court on motion of a party or upon its own motion, depositions, interrogatories, requests for production or inspection, requests for documents, requests for admissions, answers and responses thereto, and proof of service thereof shall not be filed with the court.... [T]he deposing party shall make the original transcript of a deposition available at the time of any pretrial hearing or at trial for use by any party or filing with the court if so ordered.

Local Rule 190–1(g).[6]

But for Local Rule 190–1(g), Rule 5(d) would require all discovery documents to be filed with the Clerk of the Court and made available for public inspection, unless the Court entered a protective order prohibiting or limiting disclosure. This local rule results in substantial economy for parties who are relieved of providing additional copies of discovery materials to the Clerk and for the Court Clerk who is relieved of the responsibility of providing adequate storage space for the substantial volume of discovery materials. Additionally, the Court is relieved of the time consuming process of considering requests that discovery documents not be filed, which would undoubtedly become routine in nearly every case.

The procedure followed in the District of Nevada pursuant to Local Rule 190–1(g) is similar to that proposed and rejected in 1978 as an amendment to Rule 5(d). The proposed amendment read as follows:

> Rule 5. Service and Filing of Pleadings and Other Papers
>
> (d) Filing. All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter., *but, unless filing is ordered by the court on motion of a party or upon its own motion, depositions upon oral examination and interrogatories and requests for admissions and the answers thereto need not be filed unless and until they are used in the proceedings.*

Fed.R.Civ.P. 5(d) (1978 proposed amendment), *reprinted in* 77 F.R.D. 613, 622 (1978). This system allows the parties to retain discovery materials in their private files until and unless filing is ordered by the Court or the discovery materials are used in the Court proceedings, including pretrial motions or trial. In explaining the proposed 1978 amendment, the Advisory Committee Note stated in part that "[i]t is intended that the court may order filing on its own motion at the request of a person who is not a party who desires access to public records, subject to the provisions of Rule 26(c)." Fed.R.Civ.P. 5(d) advisory committee note (1978 Proposed Amendment), *reprinted in* 77 F.R.D. 613, 623 (1978).

Wright & Miller, Federal Practice & Procedure: Civil 2d § 1029 at 124 (1987) ("In interpreting the rules, the Advisory Committee Notes are a very important source of information and should be given considerable weight.")

---

**5.** "Although the Advisory Committee's comments do not foreclose judicial consideration of the Rule's validity and meaning, the construction given by the Committee [in the Notes] is 'of weight.' *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444, 90 L.Ed. 185, 66 S.Ct. 242 [245] (1946)." *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986); *Selph v. Council of City of Los Angeles*, 593 F.2d 881, 883 n. 1 (9th Cir.1979); *see, also,* 4

**6.** Sixty-four districts have adopted local rules which provide that discovery materials need not be filed with the Clerk of the Court.

Rule 5(d) requires the filing of discovery materials unless "on motion of a party or *on its own initiative*" the Court orders that the materials not be filed. The Advisory Committee's notes confirm that the 1980 amendment was designed to "continue the requirement of filing but make it subject to an order of the court that discovery materials not be filed...." Fed.R.Civ.P. 5(d) advisory committee note (1980 proposed amendment), *reprinted in* 85 F.R.D. 521, 525 (1980). The use of a local rule applicable to all cases, rather than a case by case decision, is not inconsistent with the Federal Rules of Civil Procedure.

▆ "It is undisputed that district courts have the authority to 'prescribe rules for the conduct of their business' in any manner not inconsistent with the federal rules or Acts of Congress." *United States v. Warren*, 601 F.2d 471, 473 (9th Cir.1979); 28 U.S.C. § 2071 and Fed.R.Civ.P. 83. Local Rule 190–1(g) was properly enacted and is valid. Any colorable inconsistency between the local rule and the federal rule and statute can be resolved. "District courts have broad discretion in interpreting and applying their local rules." *Miranda v. Southern Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir.1983) (cited with approval in *Guam Sasaki Corp. v. Diana's Inc.*, 881 F.2d 713, 715 (9th Cir.1989)).

In order to harmonize the local rule with the intent of the Advisory Committee regarding public access to discovery materials, this Court adopts a lenient policy that will require the filing of discovery documents with the Clerk of the Court on the request of a non-party if disclosure is not prohibited by a protective order. This policy will eliminate any tension between Local Rule 190–1(g) and Rule 5(d) by allowing the underlying principle of Rule 5 to prevail. In addition, this construction will "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

Depositions and other discovery materials filed with the Clerk pursuant to Rule 5(d) are part of the official Court file. Administrative Office of the United States Courts, IV–A Guide to Judiciary Policies and Procedures, Clerks' Manual, § 201.2(A) (1980). "All files and records of the court shall remain in the custody of the clerk and no record or paper belonging to the files of the court shall be taken from the custody of the clerk without written permission of the court." Local Rule 170(a). Clerks are directed to make any court record or file available for public review, unless the record is filed under seal or disclosure is prohibited by statute. Administrative Office of the United States Courts, IV–A Guide to Judiciary Policies and Procedures, Clerks' Manual, § 201.3(B) (1980). Clerks are required to collect from the parties a fee as prescribe by the Judicial Conference of the United States for reproducing any record or paper. 28 U.S.C. § 1914(b). Clerks are instructed that "[i]n view of the fact that much of the copy work in Clerks' offices is performed for persons other than litigants, it is suggested that Clerks construe the word 'parties' as used in the above-quoted section [Section 1914] to include the 'public.'" Administrative Office of the United States Courts, I–A Guide to Judiciary Policies and Procedures, Clerks' Manual, § 1001.10(C) (1980).

▆ In the absence of a protective order, discovery materials, including deposition transcripts, shall be filed with the clerk on order of the court and shall then be available for public examination and copying.

### RULE 26(c) GOOD CAUSE

Rule 26(c) of the Federal Rules of Civil Procedure

requires that good cause be shown for a protective order. This puts the burden on the party seeking relief to show some plainly adequate reason therefor. The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.

8 Wright & Miller, Federal Practice and Procedure: Civil § 2035, at 264–265 (1970).

The Defendants request a protective order to protect all parties and persons that have been deposed or that will be deposed from "annoyance, embarrassment or oppression" arising from the disclosure of

private, personal or confidential information and to insure the parties' right to a fair trial. The defendants contend that good cause for the issuance of the protective order is substantiated by the conduct of City Councilmember Miller. The deposition of Mayor Lurie contained personal information which Miller manipulated for personal and political gain and to ridicule Hall and Lurie in their private affairs. Testimony of Mayor Lurie in the deposition revealed his participation in the purchase of real property within the city limits in partnership with several other investors, including City Manager Hall. In addition to publicizing this real estate transaction and the relationship between Hall and Lurie, the Review–Journal has written that an abuse of a public trust for personal gain has occurred and editorially called for the resignation of Mayor Lurie. *See*, Copies of Review Journal articles attached to the Affidavit of Richard J. Bortolin, Deputy City Attorney (attached to Motion for Protective Order (# 129)).

The parties disagree on whether the ownership of property and the participation in financial ventures between Mayor Lurie and City Manager Hall are relevant to this lawsuit. However, both agree that under the liberal discovery standard of Rule 26(b)(1), discovery of this information was appropriate.

■ The parties, including the Review Journal, all quote extensively *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). In *Seattle Times*, the United States Supreme Court ruled that a protective order issued against public dissemination of information acquired in pretrial civil discovery did not offend the First Amendment where entered on a showing of good cause as required by Rule 26(c), if limited to the context of pretrial civil discovery, and if it does not restrict the dissemination of the information gained from other sources. A showing of Rule 26(c) good cause requires a balancing of the interests of the parties competing to open or close the civil discovery process to the public. In *Seattle Times*, the protective order had been granted

with respect to information gained by the defendants through the use of all the discovery processes regarding the financial affairs of the various plaintiffs, the names and addresses of Aquarian Foundation members, contributors, or clients, and the names and addresses of those who have been contributors, clients, or donors to any of the various plaintiffs. *Seattle Times Co.*, 467 U.S. at 27 n. 8, 104 S.Ct. at 2204 n. 8. "The order prohibited [the parties] from publishing, disseminating, or using the information in any way except where necessary to prepare for and try the case." *Seattle Times Co.*, 467 U.S. at 27, 104 S.Ct. at 2204. Affidavits submitted in support of the request for the protective order

> detailed a series of letters and telephone calls defaming the Foundation [a religious group], its members, and Rhinehart—including several that threatened physical harm to those associated with the Foundation. The affiants also described incidents at the Foundation's headquarters involving attacks, threats, and assaults directed at Foundation members by anonymous individuals and groups.

*Seattle Times Co.*, 467 U.S. at 26, 104 S.Ct. at 2203–04.

In balancing the right of the media defendant to disseminate the protected information against the substantial rights of privacy, of religious association, and of persons to resort to the Court for redress of grievances, the Supreme Court found "good cause."

■ The defendants assert "annoyance, embarrassment and oppression" as well as impairment of the right to a fair trial due to pretrial publicity. Twenty-two depositions have been taken by the parties in this case. The defendants have not substantiated their allegations of annoyance, embarrassment and oppression with any examples beyond the Lurie and Hall dealings disclosed by Miller. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.

1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987).

 Similarly, "because release of information not intended by the [deponent] to be for public consumption will almost always have some tendency to embarrass, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Cipollone,* 785 F.2d at 1121. The defendants have not demonstrated a substantial likelihood of serious embarrassment that would constitute Rule 26(c) good cause.

The plaintiff's Amended Complaint (# 60) contains a demand for jury trial. The defendants' right to a fair trial can be guaranteed by vigorous voir dire of potential jurors at the time of trial. *C.B.S. v. U.S. Dist. Ct. For C.D. of California,* 729 F.2d 1174, 1182 (9th Cir.1984). Even assuming a fair and impartial jury cannot be selected in this community, a change of venue could be accomplished within the district. The allegation of an impaired right to a fair trial is unsubstantiated and extremely remote.

The public interest in the conduct of public officials, elected and appointed, outweighs the minimal harms tendered by the defendants as good cause in this case. The comprehensive protective order sought by the defendants would by its nature be over-inclusive and would undoubtedly be subject to further litigation and modification. The proposed protective order would not contribute to the "just, speedy and inexpensive determination" of this case pursuant to Federal Rule of Civil Procedure 1.

### ORDER

Based on the foregoing, the Court finds that the Defendants have not sustained their burden of presenting good cause for a protective order to seal depositions and other discovery, and therefore,

IT IS HEREBY ORDERED that Defendants' Motion For Protective Order to Seal Depositions and Other Discovery (# 129) is denied; and,

IT IS FURTHER ORDERED that the deposing party shall file with the Clerk the original transcript of each and every deposition taken in this case on or before June 11, 1990.