Robert M. BOGAN and Scott
M. Bogan, Plaintiffs,

v.

NORTHWESTERN MUTUAL LIFE IN-
SURANCE COMPANY and Austin
E. Hodgkins, Jr., Defendants.

No. 91 Civ. 2221 (VLB).

United States District Court,
S.D. New York.

July 27, 1992.

Michael S. Devorkin, Doar Devorkin &
Rieck, New York City, for plaintiffs.

Peter Jason, Schnader, Harrison, Segal &
Lewis, New York City, for defendants.

Timothy P. Coon, Bleakly, Platt &
Schmidt, White Plains, NY.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District
Judge.

The defendant Northwestern Mutual
Life Insurance Company appeals from a
ruling of United States Magistrate Judge
Mark D. Fox holding discoverable a memo-
randum written by Wilson Perry, a North-
western Mutual attorney dated August 31,
1989 (the "Perry Memorandum"), and a
summary of a meeting of the Special
Agents, Inc. of the Northwestern Mutual
Life ("SAI minutes"). Northwestern
claims work product protection for both
documents, the first on the ground that it
was written by an attorney after threats of
litigation involving the participants in the
meeting described in it, and the second
because obtained as part of preparation for
another pending action.

I affirm the Magistrate Judge's rul-
ings with respect to both documents, and
outline additional precautions which the
Magistrate Judge may want to consider
before discovery is implemented. These
precautions pertain to the possible need to
protect the persons involved under Fed.
R.Civ.P. 26(c). Obviously, any inappropri-
ate disclosure to third persons could have
side consequences and repercussions poten-
tially injurious to some or all of the parties
to the pending litigation as well and thus
merit the Magistrate Judge's attention now
that I have upheld his ruling that work
product privilege poses no absolute barrier
to discovery of the items involved.

While the affidavits submitted by Northwestern indicate that litigation was threatened with persons present at the meeting described in the Perry memorandum, no detailed facts supporting this conclusion are presented. More significantly, the Perry memorandum as submitted *in camera* shows that the meeting with persons described as present was conducted to encourage settlement between those persons and others (who were not clients of Perry).

No questions put by Northwestern counsel seeking information appear to have been involved. The memorandum identifies those present, and then sets forth the purpose "to find a way to put all of [the disputed matters between the various persons involved] in the past and reach a high point for development of relationships ... to get on with the business of selling insurance and developing stronger agencies." The disputes described in the Perry memorandum were not between Northwestern and the participants, but between the participants and others. No one involved was a client of Perry. The meeting was not devoted to factfinding by Northwestern counsel, nor does it reflect any negotiation between Mr. Perry's client (Northwestern) and any other person to avoid litigation between them. The function performed by counsel at the meeting described in the Perry memorandum—attempting to eliminate conflict among agents selling insurance for Northwestern—was one which could equally appropriately have been performed by nonlegal personnel such as sales executives.

█ The work product doctrine does not shield ordinary business documents from discovery. None of the cases referred to by Northwestern in its memorandum of law are even cited for the proposition that notes of an attorney for A at a meeting devoted to determination of future relationships between party B and C, who is not present, can be deemed to be protected work product.

These observations apply to an equal degree to the SAI minutes.

Northwestern argues that discovery of documents pertaining to or collected for purposes of litigation may reveal counsel's strategy in contravention of the purposes of work product protection. That concern does not apply here. The SAI minutes were requested because of their content. Such isolated documents will scarcely reveal litigation strategy.

A similar principle applies where documents are presented before a Grand Jury: if sought for their own sake and not with the primary purpose or effect of disclosing the nature of the Grand Jury's investigation, such material may be discoverable. See *DiLeo v. Commissioner*, 959 F.2d 16 (2d Cir.1992).

In upholding the decision of Magistrate Judge Fox that the Perry memorandum and SAI minutes are discoverable, I do not rule out steps which the Magistrate Judge might consider, at the request of either party or on his own initiative, to protect third persons mentioned in these documents. *In camera* examination of the documents may indicate that is appropriate.

Such protection of third persons mentioned in the documents might take the form of:

(a) restricting access to the Perry memorandum and SAI minutes to counsel for plaintiffs, and not to plaintiffs, for the purpose of enabling counsel to make a showing as to their usefulness, if any, in the present case, prior to copying or disclosure to others, and/or

(b) requiring notification to third persons named in such documents, at the expense of the party seeking disclosure, that disclosure is contemplated, thus permitting such persons, prior to further disclosure, to make known any objections to release of portions referring to them, prior to further disclosure. This would be in keeping with the protection of organizational minutes from disclosure absent need, held appropriate in *Dole v. Service Employees Union*, 950 F.2d 1456 (9th Cir.1991). The SAI minutes appear to fall squarely within *Dole*,

and the Perry memorandum within its spirit.

SO ORDERED.