**UNITED STATES of America**

**v.**

**Ronnie BRYSER, Gerald Degerolamo, and Vincent Degerolamo, Defendants.**

**No. 90 Civ. 274 (VLB).**

United States District Court, S.D. New York.

Oct. 15, 1992.

Anthony J. Siano, Asst. U.S. Atty., White Plains, N.Y., for U.S.

Herald Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

A dispute has arisen between the United States Attorney and Herald Price Fahringer, Esq., as counsel now seeking to represent a convicted defendant, Vincent DeGerolamo in connection with resentencing following a remand for that purpose by the Court of Appeals on January 14, 1992.

Gerald DeGerolamo ("Gerald"), also convicted in this case and sentenced to a term of imprisonment, escaped from prison on March 5, 1992. Mr. Fahringer contends that Gerald gave a sworn statement to the prosecution that he, not Vincent DeGerolamo, was responsible for the crimes for which both were convicted, and wishes to (a) discover such statement from the United States if it exists, and (b) use it in connection with the moving defendant's resentencing.

█ The United States Attorney points out that Mr. Fahringer, who represented both DeGerolamos on their unsuccessful appeal from their conviction, automatically continues to represent Gerald while a fugitive, and wishes to use an asserted self-incriminating statement of Gerald in favor of Vincent DeGerolamo in connection with his resentencing. The prosecution argues that this situation involves multiple conflicts of interest, thus disqualifying Mr. Fahringer from representing Vincent DeGerolamo in connection with his resentencing.

From a realistic viewpoint, no additional harm to Gerald's interests can be caused by reference to his asserted statement, which itself does whatever damage it may cause to him irrespective of whether or not used in favor of Vincent DeGerolamo. Vincent DeGerolamo, on the other hand, is available and can waive any conflict should he do so intelligently. Thus the residual question is whether the interests of the United States may be adversely affected by the dual representation involved. None appears to be presented. I regard the core of the factual arguments advanced on behalf of the United States as suggesting conflicts between Gerald's prior and asserted current position as to the facts, and as pointing to the irony of escaping and then being invoked to exculpate a co-defendant, rather than as pointing to any real conflict currently affecting Mr. Fahringer. Accordingly, I decline to disqualify Mr. Fahringer from representing Vincent DeGerolamo in connection with his resentencing at this time. This ruling, however, does not preclude a challenge to subsequent representation by Mr. Fahringer if a concrete actual rather than hypothetical conflict materializes. See generally *United States v. Jones*, 900 F.2d 512 (2d Cir.1990).

### II

█ Vincent DeGerolamo also seeks, based on somewhat vague and seemingly indirect sources of hearsay, materials assertedly in the possession of the prosecution involving cooperation by Gerald with government agents and embracing statements exculpating Vincent DeGerolamo. If, of course, information indicating that Vincent DeGerolamo was innocent is in the possession of the United States, it must be provided to the defense under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny.

But actual production of an item—or disclosure of its existence of nonexistence—is

hardly necessary if the ultimate conclusion that item if it exists would be used to show, is accepted without its production. Where that is so, evidence can be excluded as surplusage under Fed.R.Evid. Rule 403.[1]

In this instance, I will assume for purposes of resentencing of Vincent DeGerolamo that Gerald made statements to government agents claiming that he was responsible, but Vincent DeGerolamo was not responsible in any way for the crimes for which the defendants were convicted. Because of the overwhelming evidence which I heard at trial, however, I would not and do not credit any such statements.[2]

Gerald's statements, if they exist, would thus only affect the resentencing of Vincent DeGerolamo if they contained details inconsistent with Vincent DeGerolamo's guilt which have corroborated by independent evidence or which have not been checked to ascertain if they are so corroborated. If such a circumstance exists, the United States Attorney is directed to so inform the court, and in that event a determination will be made whether the information should be disclosed to Mr. Fahringer or considered by the court *in camera* if necessary to protect confidential informants or other sensitive information. See *United States v. Zolin,* 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). In all other respects, the motion for discovery is denied.

### III

 Vincent DeGerolamo also seeks a hearing in connection with his resentencing, and resentencing in keeping with facts developed at the hearing. It is not clear whether this is intended to refer to an evidentiary hearing or merely an opportunity to be heard. If the former, Mr. Fahringer is directed to submit within 20 days a list of witnesses he wishes to present at such hearing and an offer of proof describing

what their testimony is expected to show. An evidentiary hearing will be scheduled if but only if such an offer of proof establishes the need for taking of testimony.

SO ORDERED.

---

1. Further, nonproduction of an item constituting surplusage is not only not error, but if error, would be harmless.

2. Although I do not rely on it, it is also relevant that the credibility of a fugitive defendant may be eroded by irresponsibility shown by the fact of flight. The motive of exculpating a relative is also made the more powerful if the speaker intends to flee and hence avoid any adverse consequences of further self-incrimination or false statements.