UNITED STATES of America

v.

Earl THOMPSON, Defendant.

No. S91 Cr. 488 (VLB).

United States District Court,
S.D. New York.

Oct. 15, 1992.

William I. Aronwald, Aronwald & Pykett, White Plains, N.Y., for movant.

Marjorie Miller, Asst. U.S. Atty., White Plains, N.Y., for U.S.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Following a conviction, defendant Earl Thompson was remanded to custody based on further criminal activity. On July 28, 1992, bail in the amount of $100,000 was set, posted by Ms. Margaret Gelb, secured by a mortgage and confession of judgment executed August 11, 1992, which provided that judgment would be granted for the United States if the defendant Thompson "fails to abide by any of the conditions fixed by the court relative to his release." [1] One of the conditions was that Thompson "not commit any additional crime when released on bail." [2]

The defendant was subsequently remanded on grounds of having committed an additional crime. Ms. Gelb has filed a motion for exoneration as surety on the grounds that:

■ (a) the only significant requirement imposed by bail in this case is the appearance of the defendant, and the requirement that defendant Thompson not commit further crimes was "*pro forma*" (Motion, p. 2, par. 3) and somehow inexplicably not relevant to Ms. Gelb's bond notwithstanding the language quoted above, a contention which I reject out of hand, and

■ (b) defendant Thompson's additional criminal conduct, if any, occurred prior to the surety's commitment (the confession of judgment, quoted above, was signed August 11). On this point, I am prepared to hold an evidentiary hearing if requested by the surety; at that hearing, the surety will also be given an opportunity to testify, subject to cross-examination, to seek to establish her lack of knowledge concerning any continuing criminal activity of the defendant Thompson, a factor which might affect disposition of the surety's motion.[3]

---

1. The defendant's appearance bond, Exhibit A to the pending motion to exonerate Margaret Gelb as surety, also requires defendant Thompson to obey "any order or direction in connection with [the criminal] judgment."

2. Quoted from Margaret Gelb's motion for exoneration as surety, September 22, 1992, p. 2, par. 3.

3. The motion to exonerate the surety is not a criminal case. Failure to provide relevant evidence can thus form the basis for an adverse

## II

■ Counsel for the surety complains that the prosecution will not consent to the exoneration motion unless the surety agrees to meet with prosecutors under conditions set by them. This raises no issue before me, because the prosecution is under no duty to consent to Ms. Gelb's motion, just as she is under no duty to appear before the United States Attorney's office or government agents; no Grand Jury subpoena or other compulsory process has been issued. Instead, Ms. Gelb, having made the motion, has the burden of showing that it should be granted, just as a party filing a lawsuit must, when challenged, come forward with sufficient evidence to show that a genuine issue of material fact exists. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Should Ms. Gelb request an evidentiary hearing within 20 days of the date of this memorandum order, it will be scheduled; if not, this motion will be deemed withdrawn.

## III

■ The United States Attorney objects to involvement of counsel for defendant Thompson as counsel for the surety, Ms. Gelb, in connection with the exoneration motion, and declines to accept a meeting with Ms. Gelb for purposes of considering their consent to the motion if Thompson's counsel represents her at such a meeting. The latter aspect of the controversy between the United States Attorney and Ms. Gelb is not properly presented because the prosecution is not required either to consent to the exoneration motion or to meet with Ms. Gelb, any more than Ms. Gelb is required to meet with government agents unless she so chooses under terms agreeable to her. I decline to intervene in any

inference in that context if appropriate. See generally *United States v. Ianniello,* 824 F.2d 203, 207 (2d Cir.1987); *Brink's, Inc. v. City of New York,* 717 F.2d 700 (2d Cir.1983); Heid, *The Conjuror's Circle—The Fifth Amendment Privilege in Civil Cases,* 91 Yale L.J. 1062, 1108–09 (1982).

4. Compare *Friarton Estates Corp. v. City of New York,* 681 F.2d 150, 160 (2d Cir.1982).

way with respect to, or make any recommendation with regard to,[4] the United States Attorney's independent decision whether to meet with Ms. Gelb in the presence of Thompson's attorney.[5]

## IV

■ The controversy over whether counsel for Thompson may properly represent Ms. Gelb at the exoneration hearing if requested by Ms. Gelb, relates to a hearing before the court, rather than purely consensual voluntary meetings between the parties to the current motion.

■ A conflict of interest may exist to the extent that Ms. Gelb if represented by separate counsel, might receive advice from that counsel to reveal to the prosecution privately, or to the court at a hearing, additional hitherto unknown wrongdoing involving Thompson. Counsel for Thompson by contrast cannot make or accept any such suggestion to or by Ms. Gelb or participate in its implementation.

Ms. Gelb can waive that conflict insofar as her interests are involved if it is established at the hearing that she does so voluntarily with full understanding of the implications.

This leaves for consideration the question of the right of the prosecution to veto participation by Thompson's counsel on the ground that the interests of the United States (as contrasted with Ms. Gelb's own interests) are prejudiced. Governmental interests are entitled to significant weight where a criminal trial or Grand Jury investigation is involved.

For the United States Attorney to obtain further information of possible investigative value, while a potential side benefit to the United States from an exoneration

5. This case does not involve any assertion of invidious negative treatment of a particular counsel as claimed in *Curtin v. FDIC,* 866 F.2d 255 (8th Cir.1989), but prosecutorial reluctance—which may well be entirely justified—to conduct a private conference with a third person in the presence of an attorney for a criminal defendant claimed to have been involved in the same set of circumstances.

hearing, would not be related to the principal purpose of the hearing. Although not dispositive, it may also be relevant that the defendant Thompson may have a cognizable interest in the exoneration of the surety sufficient to permit his counsel to participate in any event, since the surety could claim over against Thompson if required to pay under the bond. For these reasons, I decline to disqualify Thompson's counsel from participating in an evidentiary hearing on Ms. Gelb's motion to exonerate her if requested on her behalf and held, or from representing her at such a hearing if she intelligently waives the conflict of interest involved.

Counsel for Thompson should be aware of the risks of obstruction of justice should zeal to protect Thompson's interests spill over into attempts to influence the testimony of Ms. Gelb at a hearing if held. See 18 U.S.C. § 1512. Should this risk affect ability of Thompson's counsel to represent both Thompson and Ms. Gelb, he must take the initiative and withdraw from acting for her in this context.

SO ORDERED.