**Robert M. BOGAN and Scott M. Bogan, Plaintiffs,**

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY and Austin E. Hodgkins, Jr., Defendants.**

**No. 91 Civ. 2221 (VLB).**

United States District Court,
S.D. New York.

Feb. 5, 1993.

Michael S. Devorkin, Doar Devorkin & Rieck, New York City, for plaintiffs.

Peter Jason, Schnader, Harrison, Segal & Lewis, New York City, for Northwestern.

Timothy P. Coon, Bleakly, Platt & Schmidt, White Plains, NY, for the individual defendant.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

In this insurance agency termination case involving antitrust and other claims, plaintiffs appeal from a ruling by United States Magistrate Judge Mark D. Fox declining to authorize nonstenographic transcriptions of depositions pursuant to Fed. R.Civ.P. 30(b)(4). I affirm the ruling of the Magistrate Judge.

Whether or not to permit non-stenographically recorded depositions is discretionary under Fed.R.Civ.P. 30(b)(4) and *International Union v. National Caucus*, 525 F.2d 323 (2d Cir.1975). The Magistrate Judge reasonably exercised discretion to deny the application. No showing is asserted of financial stringency which would make it difficult or impossible to proceed without dispensing with stenographic reporting.

This lawsuit involves four parties and three counsel, making it important that the speakers at depositions be readily identifiable. And the disputatious history of pretrial management in this case, outlined in part below, suggests the importance of reliable transcripts so as to minimize subsequent arguments as to accuracy. Court reporters, unlike recording devices, can speak up to stop cross-conversation, interruptions, failure of speakers to identify themselves and the like, and can obtain correct spellings for utterances that may be difficult to interpret from sound alone.

In addition, the suggestion that attorneys be permitted to handle the recordation raises further problems under Rule 28(c); who determines what is on or off the record or if the tape is functioning properly? See *Jones v. Evans*, 544 F.Supp. 769, 778 (N.D.Ga.1982); *Callen v. Nexus Corp.*, 54 F.R.D. 610, 614 (E.D.Ill.1972); *Jarosiewicz v. Conlisk*, 60 F.R.D. 121, 126 (N.D.Ill. 1973).

While nonstenographic recording may be stipulated to in a cooperative atmosphere pursuant both to Fed.R.Civ.P. 29 and more specifically under Fed.R.Civ.P. 30(b)(4) it-

self,[1] circumstances here support the Magistrate Judge's decision not to authorize such recording over objection. The evaluation of the totality of circumstances is, moreover, a task necessarily performed by the Magistrate Judge who is charged with supervising discovery; a discretionary decision is involved, and the exercise of discretion by the Magistrate Judge should be sustained absent clear error.

## II

This is the fourth appeal in this case from discovery decisions by Judge Fox (including one motion for reconsideration), in each instance leading to affirmance of the dispositions made by the Magistrate Judge.[2] Unlike the prior appeals, this one involves no claim of privilege but solely a challenge to the exercise of discretion.

As pointed out by the late Judge Edward Weinfeld of this Court, "every case is important." [3] The higher the stakes on the merits, the less appropriate is litigiousness concerning matters that can and should be resolved by counsel or by informal guidance on the part of the jurist charged with supervision of discovery, followed if necessary by a formal ruling at that level, to be appealed from only where violations of vested rights or clear error arguably exists. Collegiality among counsel and cooperation with the judiciary in finding pragmatic solutions in administrative matters are essential so that disputes can focus on the merits. See generally Committee on Federal Courts, "A Proposed Code of Litigation Conduct," 43 Rec.Assn. Bar City N.Y. 738, 741 (Oct.1988).

This case, albeit involving antitrust and related claims affecting insurance agencies for a substantial insurer, does not involve the number of parties involved in many complex litigations [4] but those complex litigations do not normally generate the plethora of routine challenges to the Magistrate Judge's management of discovery which have characterized this case.

Because of the pattern of extensive and bitterly pursued litigation over procedure which appears to be developing, it is incumbent on me to seek ways to promote in this case the goal set forth in Rule 1 of the Federal Rules of Civil Procedure: that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

Defendants suggest award to them of attorney's fees in connection with this deposition dispute. The refocus of attention onto the merits, and the ultimate deterrence of litigious behavior by any party, will be best served by deferring consideration of such a matter until after the disposition of the case, thus avoiding interjection of side or mezzanine disputes at a stage when all efforts might better be aimed at completion of discovery.[5] Should further developments indicate the need for earlier consideration, I may find it necessary to revisit this question.

## III

In order to facilitate more rapid and inexpensive resolution of future disputes in this case, I direct that counsel consider and discuss with the Magistrate Judge whether it would be appropriate to agree that they will discuss and attempt to resolve all discovery disputes between them.[6]

1. For example, parties could agree that a neutral party or the party not requesting the procedure handle the taping.

2. For prior appeals, see Memorandum Orders of April 2, 1992, July 27, 1992, and Oct. 19, 1992 (144 F.R.D. 51 [S.D.N.Y.1992]).

3. Quoted in Lubasch, *Judge Edward Weinfeld,* N.Y. Times, Jan. 18, 1988 at A16.

4. E.g., *E.R. Squibb & Sons, Inc. v. Accident & Casualty Ins. Co.,* 82 Civ. 7327, 1992 WL 212091, 1992 (S.D.N.Y. July 29, 1992), 413 Mass. 593, 602 N.E.2d 204 (S.D.N.Y.1992).

5. Applications for sanctions are often made by opposing parties and resolved among those parties themselves through offsets; they are also often settled or dropped once the merits are addressed or the heat of annoyance over specific incidents has cooled.

6. I recommend but do not require that counsel for all parties also discuss whether an agreement might be reached to forego any appeals from discovery decisions by the Magistrate Judge other than where the appeal involves a direction to produce information claimed to be privileged.

**644**

I also direct that counsel arrange a conference with my chambers prior to appealing from any discovery ruling by the Magistrate Judge in this case, in the same manner as my individual rules require a premotion conferences in certain circumstances prior to formal initiation of motion practice.

SO ORDERED.