Robert M. BOGAN and Scott M. Bogan, Plaintiffs,

v.

NORTHWESTERN MUTUAL LIFE IN-SURANCE COMPANY and Austin E. Hodgkins, Jr., Defendants.

No. 91 Civ. 2221 (VLB).

United States District Court, S.D. New York.

Nov. 18, 1993.

Michael S. Devorkin, Doar Devorkin & Rieck, New York City, for plaintiffs.

Timothy P. Coon, Bleakly, Platt & Schmidt, White Plains, NY, for defendant Hodgkins.

Peter Jason, Schnader, Harrison, Segal & Lewis, New York City, for defendant Northwestern.

### *MEMORANDUM ORDER*

VINCENT L. BRODERICK, District Judge.

#### I

Opposing parties in this case seek review of two discovery rulings of United States Magistrate Judge Mark D. Fox, presenting questions of whether under the circumstances of this case:

(a) a party taking depositions is obligated to order transcripts of them, and

(b) a party may depose opposing counsel who was involved in the pre-litigation events leading up to the lawsuit.

Judge Fox answered both questions in the affirmative. I overrule the parties' objections to Judge Fox's rulings.

The underlying lawsuit involves antitrust and other claims by a terminated insurance agent. Jurisdiction is predicated upon 28 U.S.C. § 1331.

## II

The first issue before me concerns whether Judge Fox properly directed plaintiffs to order transcripts of numerous depositions they noticed of personnel related in various ways to the corporate defendant Northwestern Mutual Insurance Company. Based on the facts and arguments presented to me, I find that he did.

■ When counsel for a party to a federal lawsuit notices a deposition, this invokes the compulsory power of the United States provided by Articles I and III of the Constitution, implemented by the Rules Enabling Act and by the discovery provisions of the Federal Rules of Civil Procedure. Those who testify under compulsory process and under oath, as well as the party taking the deposition, the adversary, and the court [1] each have an interest in the availability, accuracy, authenticity and reliability of a record of what occurs during such proceedings.[2] Consequently, the Federal Rules require the officer conducting a deposition to be qualified and not to be a relative, employee or counsel of a party (Fed.R.Civ.P. 28) and to "certify on the deposition ... that the deposition is a true record of the testimony given by the witness," after which the document is to be sealed and filed. Fed.R.Civ.P. 30(f). While the filing requirement is routinely dispensed with by local rules or stipulation,[3] the Rules necessarily contemplate that depositions will be transcribed absent special circumstances, court order, or stipulation pursuant to Fed. R.Civ.P. 29, with the consent of the witness whose interests may also be affected.

■ A party noticing a deposition initiates the proceeding and may do without the consent of the others affected. Consequently, it is the "general rule that the party noticing and conducting the deposition is the proper party to bear the transcription costs." *Melton v. McCormick*, 94 F.R.D. 344, 346 (WDNY 1982); see also *Kolosci v. Lindquist* 47 F.R.D. 319 (ND Ind 1969); *Caldwell v. Wheeler*, 89 F.R.D. 145, 146–47 (D.Utah 1981); *ACLI Government Securities v. Rhoades*, 1991 WL 270450 at *3 (SDNY Dec. 5, 1991). This presupposition is confirmed by the proposed 1993 amendment to Fed. R.Civ.P. 30(b)(3), pending final congressional review and effectiveness on December 1, 1993 as of this writing, which provides that the "party taking the deposition shall state in the notice the method by which the testimony shall be recorded." Presumably the method could be by memory or note-taking rather than a fully complete method, but this would obviously be unusual and would not be assumed to be applicable absent the kind of advance notice required by the 1993 Rules amendment.

The 1993 amendment further provides that unless "the court orders otherwise," recording may be by "sound, sound-and-visual, or stenographic means," which suggests the need for a court order prior to use of less complete methods of recording. The 1993 amendment to Rule 30(f)(2) confirms that stenographic reporting occur at least in note form unless otherwise ordered or agreed by the parties.

■ Pre–1993 case law indicates that special circumstances independent of the underlying nature of the case may justify deviation from the general rule even absent court order or consent of the adversary, as pointed out in *Melton*, *Caldwell* and *ACLI*. Factors relevant in at least most types of lawsuits in determining whether the general rule should be held inapplicable include whether or not:

---

1. See *Jacobson v. Cohen*, 146 F.R.D. 95 (SDNY 1993).

2. Seasonable order of the transcript of a deposition is important to availability and reliability of that transcript. Extensive delay is likely to lead to misplacement or loss of necessary audiotapes, notes or computer discs. The reporter's recollection of otherwise ambiguous recordings or entries may become stale. Counsel for the parties may no longer recall or be able to retrieve information disclosing the correct interpretation of proper names or other phonetically recorded or described words.

The reporter may also move away with or without having left a forwarding address, move to another reporting agency or another career, or be entirely unavailable, making it difficult for a substitute to decipher whatever traces of the deposition remain.

3. See *Hawley v. Hall*, 131 F.R.D. 578, 581–82 (D.Nev. 1990); J. Kestler, *Questioning Techniques and Tactics* § 7.14 (1983).

(a) the parties have disparate financial resources,

(b) the deposing party lacks necessary funds,

(c) the deponent declines to provide information informally thus making deposition practice unavoidable for investigative purposes,

(d) circumstances indicate that informal contact with the witness would be impracticable, or

(e) a party not noticing the deposition conducts a major part of the questioning.

■ Where as here a Magistrate Judge has been designated to supervise discovery, these matters must be presented to the Magistrate Judge in the first instance. No financial data has been provided in the present case. The Magistrate Judge found no basis for departing from the general rule, and I perceive no grounds for concluding that his ruling was clearly erroneous or contrary to law. See *Dubin v. EF Hutton Group*, 125 F.R.D. 372, 373 (SDNY 1989); *United States v. District Council*, 782 F.Supp. 920, 922 (SDNY 1992).

Plaintiffs have intimated but not established that they may have to forego further depositions because of the financial burden imposed. If such a showing can be made, it should be furnished to Judge Fox, who would doubtless consider it in regard to treatment of future depositions if adequately supported. If plaintiffs prevail, they may seek to recover as costs pursuant to 28 USC 1920 amounts paid for transcripts of depositions reasonably necessary to prosecution of the case. See *Koppinger v. Cullen–Schiltz & Associates*, 513 F.2d 901 (8th Cir 1975).

**4.** See, e.g., 18 U.S.C. § 1345 (injunctions against fraud); 28 U.S.C. § 3012 (third party provider liability for unpaid governmental loans); N.Y.Gen.Bus.Law §§ 349–350.

**5.** See fact patterns in, e.g., *Monsanto Co. v. Spray–Rite Service Corp.*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984); *United States v. Parke, Davis & Co.*, 362 U.S. 29, 80 S.Ct. 503, 4 L.Ed.2d 505 (1960); see also *Eiberger v. SONY Corp. of America*, 622 F.2d 1068 (2d Cir.1980).

## III

■ Exploratory depositions reasonably calculated to lead to admissible evidence as permitted by Fed.R.Civ.P. 26(b)(1) may be appropriate where the underlying issues in the litigation necessitate large-scale inquiry into entity-wide or industry-wide behavior. Where direct use of depositions at trial under Fed.R.Civ.P. 32 is unlikely or unforeseeable, the "just, speedy and inexpensive determination" of the action called for by Fed.R.Civ.P. 1 may dictate that routine transcription of some or all of such depositions be waived by court order upon stipulation under Fed. R.Civ.P. 29 (preferably with the consent of the witness), or by motion filed prior to the taking of the deposition.

Reasons for informal note-taking rather than fully complete recording may arise where examination of a mosaic of conduct is necessary to establish or rebut charges of improper conduct. This may occur, for example, in some fraud cases where the alleged conduct affects multiple victims (whether or not plaintiffs),[4] or employment discrimination cases under 42 U.S.C. § 2000e or other statutes where statistical or other evidence the presence or absence of a pattern or practice of illegal behavior may be crucial. Such situations may also arise in antitrust suits under § 1 of the Sherman Act (15 U.S.C. § 1) involving alleged horizontal or vertical combinations or conspiracies which can only be established from the total context. See *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707, 82 S.Ct. 1404, 1414, 8 L.Ed.2d 777 (1962). One of many examples of this is presented by suits alleging a combination amounting to an agreement to fix resale prices, where behavior relating to the plaintiff alone may be pertinent but insufficient by itself to permit a court to determine whether or not such an agreement existed.[5]

Absence of facts extending beyond a particular incident may also be decisive. See, e.g., *Business Electronics Corp. v. Sharp Electronics Corp.*, 485 U.S. 717, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988).

These examples are subsets of the more general situation arising when multiple events must be examined to produce a reliable picture of the whole. Tushnet, "Book Review," 82 Colum.L.Rev. 1531, 1536–39 (1982).

While this case includes antitrust claims, the above considerations have not been explicitly urged before me in connection with plaintiffs' objections to the ruling of the Magistrate Judge requiring them to order transcripts of depositions. Moreover, Judge Fox's order pertains to depositions already taken and to those to be taken prior to any further consideration of the issue on a going-forward basis. Had a factual showing of need for substantial purely exploratory depositions been presented on a prospective, not retrospective basis, prior to the taking of the depositions involved, an order dispensing with routine ordering of transcripts (except where independently requested by the witness) might have been considered.

■ Advance knowledge that transcripts will not be ordered routinely is important to the fairness of the procedure. Counsel may, for example, elect to take far more detailed notes or bring assistants to do so if the preparation of a transcript is unlikely.[6] Similarly, the witness should routinely be informed in advance of the lack of intent routinely to transcribe the deposition, in case such transcription might be of independent importance to the witness.

If relevant to future depositions on a substantially ongoing basis, the aspects of the case discussed in this part III may be raised in the first instance before the Magistrate Judge. Such matters are inherently fact-intensive and best susceptible of accurate evaluation by the judicial officer directly supervising discovery.

## IV

■ Discovery procedure under the Federal Rules of Civil Procedure is to a large extent governed by the parties themselves so long as they are able to cooperate. Where proper collegiality controls, only issues of

principle need ordinarily be presented to the courts. Negotiations on procedural matters must be expected to be undertaken in an atmosphere akin to diplomatic statecraft involving representatives of opposing great powers, rather than the boxing ring.

When successful, this permits most if not all matters of concern to opposing counsel to be worked out or traded off in such a way that each party secures by consent whatever dispositions are critical to proper pursuit of the rights of the litigants. What is crucial to one party is usually less important to another. This ordinarily provides ample room for successful negotiation unless discomfiture of the adversary rather than pursuit of the merits becomes an important factor.[7]

■ In some instances, fear of showing weakness through otherwise appropriate concessions or some other temporary barrier stalls negotiations, leading to loss of time and an atmosphere inimical to resolving matters involved. In such instances where initial discussions between counsel are unsuccessful, informal consultation with chambers or the Magistrate Judge is frequently sufficient to resolve issues not truly matters of principle. Such recourse should be vigorously pursued prior to undertaking full-blown litigation over such matters as ordering of transcripts.

If conduct of exploratory depositions without necessarily incurring costs of transcription are important to one or more parties, Fed.R.Civ.P. 29 permits the parties to take purely exploratory depositions not to be transcribed except where a party wishes to do so, and this may be appropriate provided the witness is notified in advance and does not object independently, and unless the court finds the procedure inappropriate for other reasons.[8]

---

6. Such notice would, of course, be accomplished automatically were the procedure adopted by stipulation pursuant to Fed.R.Civ.P. 29.

7. See generally T. Schelling, *The Strategy of Conflict* (1960).

8. Were a witness to object to non-transcription of a deposition as discussed in this part or part III above, a transcript should be made and provided to the witness, who may wish to review and sign the deposition. If a party other than the one noticing the deposition can be shown to have suggested such a request to the witness, the cost of the transcription should be paid by the suggesting party. I would expect that any such suggestion be candidly avowed and such payment made voluntarily so as not to lead to disputation or the necessity for fact finding on such a matter.

## V

Defendants have asked me to go beyond my rejection of plaintiffs' objection to Judge Fox's ruling that plaintiffs must order transcripts of depositions noticed by plaintiffs. Defendants request that I direct plaintiffs to provide to defense counsel free copies of transcripts of all such depositions. I decline to do so.

■ Such an application must be made to Judge Fox in the first instance. Evaluation of the question may turn on facts now not before me such as:

(a) whether the request is a blanket one seeking free copies of all transcripts rather than only those counsel can state are reasonably likely to be used or lead to otherwise unknown admissible evidence;

(b) which if any of the parties wishes to make significant use of the transcripts;

(c) whether or not the deposition reporters' contract permits copies to be furnished to non-ordering parties without an additional payment, which would reduce the cost to the deposing party of providing free copies to adversaries on request;

(d) if a second order addressed to the deposition reporter is required by contract, whether the party ordering the second copy receives a discount, thus reducing the costs incurred by the party not taking the deposition but desiring a transcript;

(e) the financial hardship, if any, which ordering a second copy would cause to the respective parties.

The above discussion relates to requests for copies of or ordering of transcripts of depositions for potential future use. A different situation is presented where such a transcript is actually used but only part of the transcript is provided.

■ If a party utilizes portions of a deposition in support of a submission to the court, I would expect that party to provide a free copy of the transcript of the full deposition involved to opposing counsel. This is important in order that opposing counsel may consider invoking Fed.R.Evid. 106 (admissibility of relevant portions of the remainder of a document where part was offered), regardless of who initially ordered or had an obligation to order that transcript.

## VI

Plaintiffs seek to depose counsel for the individual defendant, who has objected to the ruling of Judge Fox permitting such a deposition to proceed. The issues here also are fact-intensive and I find no basis for determining that Judge Fox's evaluation of the situation was clearly erroneous or contrary to law.

■ Taking of depositions of opposing counsel is discouraged and only permitted where a clear need is shown. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986). This does not bar such depositions where attorneys take part in significant relevant pre-events and the attorney-client privilege does not apply to the testimony sought.

■ Counsel whose deposition is sought concededly participated in disputed pre-litigation events which at least may relate to issues raised in this litigation. If questions put at the deposition relate to privileged matters, a proper objection can be interposed at that time. I do not find that Judge Fox acted clearly erroneously or contrary to law in authorizing the deposition.

■ Plaintiffs in arguing that the attorney should be deposed go further and assert that this attorney must be disqualified. This argument is not properly before me in connection with the present objection to Judge Fox's ruling that the attorney may be deposed. The fact that an attorney is deposed, or that the adversary claims the testimony is or may be material, does not establish that the attorney should be a witness at trial or must be disqualified. This remedy is not to be lightly imposed.[9]

---

9. See *United States v. Thompson*, 803 F.Supp. 905 (SDNY 1992); *United States v. Bryser*, 803 F.Supp. 908 (SDNY 1992).

## VII

The amount of litigation over discovery and the number of objections to the Magistrate Judge's rulings generated by this litigation[10] suggests the need for considering additional means for furthering the objectives set forth in Fed.R.Civ.P. 1, sentence 2 ("the just, speedy and inexpensive determination of every action") in this case.

■ I attempted to promote greater recourse to negotiation rather than litigation concerning discovery disputes in this case by requiring a conference prior to the filing of objections to the Magistrate Judge's discovery rulings. *Bogan v. Northwestern Mutual Life Ins. Co.*, 145 F.R.D. 642 (SDNY 1993). This direction, however, instead of promoting negotiation led to side arguments as to whether the requirement was violated and whether delay during efforts to comply with it made the objections now before me untimely. Based on this experience with the device in the current case, I vacate that requirement.

One remedy for such problems, if collegiality among counsel fails to ameliorate them, may be appointment of a special master under Fed.R.Civ.P. 53 to supervise further pretrial matters other than dispositive motions at the initial expense of one or all parties, with final allocation of cost to await conclusion of the reference. The Magistrate Judge may consider recommending this remedy should subsequent events suggest that it is necessary.

Counsel for all parties are directed to meet at their mutual convenience to discuss all outstanding procedural disputes. Counsel shall discuss means of resolving directly among themselves or by voluntary third party intervention of their own choice those questions not requiring judicial intervention to resolve them.

SO ORDERED.

---

**10.** Prior objections to discovery rulings in this case are reported in *Bogan v. Northwestern Mutual Life Ins. Co.*, 145 F.R.D. 642 (SDNY 1993); *Bogan v. Northwestern Mutual Life Ins. Co.*, 144 F.R.D. 51 (SDNY 1992); *Bogan v. Northwestern Mutual Life Ins. Co.*, 145 F.R.D. 640 (SDNY 1992).