The CHASE MANHATTAN BANK, N.A., Plaintiff,

v.

T & N PLC (formerly known as Turner & Newall PLC and Turner & Newall Limited), Defendant and Third Party Plaintiff,

v.

SKIDMORE, OWINGS & MERRILL and Turner Construction Company (Inc.), Third Party Defendant.

No. 87 Civ 4436 (VLB).

United States District Court, S.D. New York.

July 15, 1994.

Robert R. Elliott, Chase Manhattan Bank, Litigation Div., New York City, for plaintiff.

Michael T. Zimmerman, Coblence & Warner, New York City, for defendant.

David S. Heller, Caulfield, Heller & Harris, New York City, for nonparty witness The Travelers.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Objections to five (5) discovery rulings by United States Magistrate Judge Kathleen A. Roberts have been filed by the parties to this long-running asbestos litigation.[1] There is no indication that any of Judge Roberts' rulings were "clearly erroneous or contrary to law," justifying reconsideration under 28 U.S.C. 636(b)(1)(A). Each of the objections is overruled.

### II

■ On April 18, 1994 Judge Roberts rejected a request by defendant ("T & N") that plaintiff ("Chase") be barred from taking a series of depositions, because (a) some testimony potentially sought may be privileged, and (b) some of Judge Roberts' scheduling orders might preclude the depositions. Questions calling for privileged material may be objected to when asked; Judge Roberts has ample power to modify her own scheduling orders if appropriate. One of the witnesses sought to be deposed is a corporate counsel of T & N, not counsel in this litigation, and may have exercised business as well as legal authority. Caution in authorizing depositions of opposing counsel is appropriate. *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir.1986). A single deposition of internal non-trial counsel regarding a major activity of a company where legal advice may not be the limit of the person's duties is, however, within the scope of the magistrate judge's discretion. See *Bogan v. Northwestern Life Ins. Co.*, 152 F.R.D. 9, 14 (S.D.N.Y. 1993).

### III

■ On April 19, 1994 Judge Roberts held that T & N must follow Chase's asbestos operations procedures in examining Chase's building where T & N's asbestos product is claimed to present risks and costs to Chase. There is no evidence that Chase's procedures were tailored in order to inconvenience T & N or discriminate against T & N. T & N argues that it will comply with local laws and regulations. Regulatory compliance, while required by local law, does not mean that legitimate safety concerns may not require further precautions. See *Contini v. Hyundai Motor Co.*, 840 F.Supp. 22 (S.D.N.Y.1993). Regulatory mandates establish minimum, not maximum, safety procedures. Here, where Chase may well be claimed to be responsible for any untoward events, adherence to its internal requirements is particularly appropriate.

■ On April 31, 1994 after reconsidering and reaffirming her ruling of April 19, 1994 Judge Roberts directed that T & N's inspection follow Chase's "Level Three" precautions for asbestos projects. T & N contests Judge Roberts' interpretation of factual material provided by the parties concerning the nature of T & N's projected investigation and how it compared with other events. This fact-intensive analysis is uniquely appropriate for evaluation by the Magistrate Judge who is in direct contact with the situation, and whose decision cannot be characterized as clearly erroneous.

■ Each situation involving physical risks is unique and must be handled as wisely as possible. The decision as to what safeguards may be required is, moreover, a discretionary prudential one rather than one calling for literalistic interpretation of documents.

### IV

■ On May 10, 1994 Judge Roberts rejected a T & N request that Chase pay a consulting fee and travel expenses to one of T & N's former employees, Dr. Hilton Lew-

---

1. The ruling of May 31, 1994 dealt with request-   ed reconsideration of that of April 19, 1994.

insohn, finding that he was a fact witness, not an expert witness. Judge Roberts' finding was not clearly erroneous, and Fed.R.Civ.P. 26(b)(4)(C) concerning payments of fees of deposed experts is inapplicable.

## V

On May 25, 1994, Judge Roberts denied a request by T & N that The Travelers Companies, a nonparty witness, respond to a subpoena duces tecum by questioning various current employees claimed to have knowledge of documents concerning asbestos matters involving Chase. Travelers took other means to search for the documents subpoenaed which Judge Roberts found adequate. There is no requirement in the Federal Rules of Civil Procedure that a nonparty receiving a documentary subpoena undertake a particular means demanded by the subpoena issuer in order to comply. Judge Roberts did not act in a clearly erroneous manner or contrary to law in rejecting T & N's request.

## VI

The Travelers seeks sanctions against T & N. The application is denied without prejudice to renewal if appropriate at the end of the litigation.

The reasonableness of a party's behavior in this as in many other contexts is often more readily evaluated in a broader context. *Local Lodge 1424 v. NLRB*, 362 U.S. 411, 416, 80 S.Ct. 822, 826, 4 L.Ed.2d 832 (1960) (relevance of pre-limitations conduct); *Eatz v. DME Unit of Local Union No. 3*, 794 F.2d 29 (2d Cir.1986) (post-complaint conduct); see *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 707, 82 S.Ct. 1404, 1414–15, 8 L.Ed.2d 777 (1962); Tushnet, "Book Review," 82 Colum L Rev 1531, 1536–39 (1986).

SO ORDERED.